ORANGE W. KOON *et al.*

*v.*

WILLIAM HOLLINGSWORTH.

*Filed at Ottawa November 20, 1880.*

1. ARBITRATION—*binding on parties.* A parol submission of the state of accounts between parties followed by a valid award, though not in writing, may be binding and conclusive upon the parties, if the arbitrators act fairly; but before a party is so bound, the agreement to arbitrate should be duly established.

2. CHANCERY PRACTICE—*reference to master to state account.* Where the litigation involves a complicated account between the parties running for a period of eight or nine years, consisting of various items and large amounts, the case should be referred to the master to state the account, under such directions as the court may think proper, and it is error not to do so.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.

Mr. CHARLES H. WOOD, for the appellants.

Mr. ROBERT DOYLE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by William Hollingsworth against O. W. Koon and others, to enjoin the sale of certain lands in Iroquois county, under two certain mortgages executed on the 23d day of November, 1876, by the complainant to O. W. Koon, to secure an alleged indebtedness of $12,920.50, for which notes had been given bearing even date with the mortgages. It is alleged in the bill that nothing is due on the notes and mortgages, and the complainant asks for an accounting and general relief.

After the filing of the bill and service of process, a portion of the lands were sold on the mortgage, and a supplemental bill was filed to cancel and set aside the sale.

The cause came to a hearing on bill, answer, replication and proofs, and the court found that complainant was not indebted to O. W. Koon or his assignee in any amount whatever on the notes and mortgages, and a decree was entered declaring the mortgages null and void, and that the sale made March 5, 1878, under one of the mortgages was null and void, and the indebtedness to O. W. Koon secured by the mortgages was declared canceled and paid, and that the respondents pay the costs.

It appears, from the record, that the complainant, Hollingsworth, and the defendant Koon, have had dealings with each other for a number of years, commencing as early as 1868,

and continuing down to 1877; that complainant was a farmer and cattle dealer, and in order to carry on his operations Koon supplied him with money, advancing it from time to time as it was needed in the business, and charging interest at the rate of two per cent per month. Various notes were taken, and payments made, so that the accounts between the parties became complicated, and it was somewhat difficult to determine the true state of the account between them.

On the 20th day of June, 1874, Koon made an estimate of the amount due him from complainant, and ascertained that the sum was $11,333.52, for which sum the complainant executed his note; but the complainant now insists that the amount was made up entirely of usurious interest, computed at the rate of two per cent per month. This note was, however, surrendered on the 23d day of November, 1876, when the notes and mortgages were given for the $12,920.50.

In the answer it is set up that the matters involved between complainant and Koon were submitted to arbitration on the 23d day of November, 1876, A. S. Palmer having been selected by Koon, and Lewis Russ by complainant, and as a result of the arbitration there was found to be due Koon $12,920.50.

If there was a valid submission followed by a valid award made by arbitrators chosen by the parties, that would of itself put an end to this controversy; but the complainant denies that he ever agreed to arbitrate, and the court, on the hearing, found that the award was not binding on the parties, and the correctness of this decision is the first question presented for our consideration.

It will be observed that no written agreement to submit to arbitration was entered into by the parties, nor was there any written award prepared and signed by the pretended arbitrators. A parol submission, followed by a decision of arbitrators, not in writing, may be binding and conclusive upon parties who have submitted their matters for decision, but it is unreasonable to believe that where so large an amount was

involved, as is the case here, the parties would have entered upon an investigation trusting to the uncertainty of the memory of witnesses in regard to whether there was a submission, and what was submitted. But the complainant testified that he did not submit the matters in dispute between him and Koon to arbitration; that Koon had threatened to put him into bankruptcy, and that Russ, who claimed to be a friend, advised him to go and see Palmer, who was attorney for Koon; that Palmer offered to take out all the two per cent, and he went up the next day with his papers to Palmer, who had Koon's papers, and on Palmer's suggestion he got Russ to come over and assist in figuring over the matter. When the amount was ascertained they wanted him to give a mortgage, but he desired time; that Russ told him if he did not sign a mortgage they would throw him into bankruptcy; finally he gave the mortgage for the amount they had arrived at, upon the understanding that if it was not all right it would afterwards be made right.

If the testimony of this witness is true, then it is apparent that there was no submission to arbitration. He met Palmer for the purpose of looking over and seeing how the account stood, for the purpose of making a settlement. This view is corroborated by one of the depositions of Russ, found on page 173 of the record. He there says: "In November, 1876, I was called upon to make a settlement of indebtedness between William Hollingsworth and O. W. Koon. A. S. Palmer assisted me in making the settlement."

In this deposition he does not speak of an arbitration, but of a settlement. Koon testified that it was an arbitration, and Palmer, his attorney and arbitrator, thinks it was an arbitration; but when the whole evidence is considered, it is so unsatisfactory and uncertain that we can not hold it sufficient to bind the parties to an award. If two persons agree to submit a matter in dispute to arbitration, then they ought to be bound by the decision, where the arbitrators have acted

fairly; but a person should not be bound unless he has agreed to arbitrate, and the agreement should be clearly established.

We are, therefore, of opinion that the court decided right in holding that the parties were not concluded by an award. But the court proceeded to hear the evidence and determine the condition of the account between the parties, without a reference to the master to state an account. This was error. Here was a complicated account, running for a period of eight or nine years, consisting of various items and large amounts, and it would be a difficult task to undertake to determine how the merits of the controversy stood without a reference to the master to state the account. When the court determined that the arbitration was not binding and conclusive between the parties, then a reference ought to have been made to the master to state an account, under such directions embodied in the decree as was thought to be proper. This has been the uniform practice in such cases. *Moss* v. *McCall*, 75 Ill. 190.

For the error indicated, the decree will be reversed and the cause remanded, with directions to the circuit court to refer to the master.

*Decree reversed.*