# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1883.

## WILLIAM HOLLINGSWORTH
v.
## ORANGE W. KOONS ET AL.

JURISDICTION—FREEHOLD INVOLVED.—Where a cause was brought to the appellate court on error from a decree of the court below finding the indebtedness of plaintiff in error to O. W. Koons, one defendant in error, on his notes and mortgages, to be $9,547.73, and decreeing the relief prayed for, to wit: the cancellation of the note and mortgage and the trustee's deed of the lands to W. B. Koons, the other defendant in error, on condition that plaintiff in error pay the sum found to be due within three months. *Held*, that as W. B. Koons' title is regular on its face, and is a good title unless he has obtained it by fraud, or unless he is a voluntary trustee holding the legal title for the mere accommodation of O. W. Koons, the question of a freehold is invo'ved, and this court has no jurisdiction.

ERROR to the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed June 26, 1883.

Messrs. DOYLE & MORRIS, for plaintiff in error; that costs should not have been allowed to either party, but each one should have been compelled to pay his own costs, cited Brinkerhoff v. Lansing, 4 Johnson Ch. 78; Brooks v. Byam, 2 Story, 553; Ross v. Graham, 2 Munf. 289; Hoofman v. Mar-

(158 )

Hollingsworth v. Koons.

shall, 1 J. J. Marsh, 64; McKay v. Childs, 2 Mon. 259; Pain v. Wallice, 6 Mon. 381; Porter v. Scovie, 5 B. Mon. 387; Lampton v. Ushers, 7 B. Mon. 57; Fishback v. Williams, 3 Bibb. 342.

While the circumstances of each case govern, any evidence of unfairness, fraud, etc., will sustain a motion for a re-sale before confirmation: Murdock v. Empire, 19 How. Pr. 79; Lansing v. McPherson, 3 Johns. Ch. 424; State v. Charles, 5 Abbott Pr. 348; Lefevre v. Larraway, 22 Barb. 167; Weaver v. Bardew, 49 N. Y. 286; Hiscock v. Phelps, 49 N. Y. 97; Carey v. White, 52 N. Y. 138; Dickson v. Todd, 43 Ill. 504; Atwood v. Mansfield, 59 Ill. 496; Krebaum v. Cordell, 63 Ill. 23.

A court has no authority to deprive a mortgagor of his right of redemption when he has never waived his right thereto and no possible default existed under the mortgage: Clark v. Henry, 2 Cowen, 324; Willets v. Burgess, 34 Ill. 494; Jones v. Ramsey, 3 Bradwell, 303; Preschbaker v. Feaman, 32 Ill. 475.

As to the jurisdiction of the appellate courts: Constitution of Ill. § 11, Art. 6; R. S. 1877, p. 323, §§ 25, 68, p. 742; City of Chicago v. Vulcan Iron Works, 2 Bradwell, 189.

Mr. CHARLES H. WOOD, for defendant in error; as to the time of making exceptions, cited Hurd v. Goodrich, 59 Ill. 450; Jewell v. Rock River Paper Co. 101 Ill. 68; Copeland v. Crane, 9 Pick. 73; Met. E. Church v. Jaques, 3 Johns. Ch. 81.

The party objecting must point out the error, otherwise the part not excepted to will be taken as admitted: 1 Barb. Ch. Pr. 552; Wilkes v. Rogers, 6 Johns. R. 566; Story v. Livingston, 13 Peters, 366; Tomlinson v. The Mayor, 44 N. Y. 601.

As to costs: McArtee v. Engart, 13 Ill. 243; 2 Barb. Ch. Pr. 199, Bk. V. Ch. 4, p. 200.

LACEY, P. J.    This cause was brought here on error from a decree of the court below finding the issues in favor of plaintiff in error and decreeing the relief prayed for, but finding his indebtedness to O. W. Koons on his notes and mortgage to be $9,547.73, and decreed the relief prayed for, to wit: the can-

cellation of the note and mortgage and trustee's deed to W
B. Koons on condition that plaintiff in error pay the sum
found to be due within three months from the date of the de-
cree, March 29, 1883.   This is the same case that was appealed
to the Supreme Court by the defendant in error from the cir-
cuit court finding the issues in favor of complainant Hol-
lingsworth, and finding that nothing was due on the notes and
mortgage from him to defendants in error.   The opinion will
be found in 97 Ill. 52, where the case is stated.   The orig-
inal bill was filed in the circuit court, March 5, 1878, and
afterward the supplemental bill making defendant in error, W.
B. Koons, a party to the suit was filed July 30th of the same
year.   This original bill sought relief from the payment of
certain notes given to O. W. Koons, dated Nov. 23, 1876, ag-
gregating the sum of $12.920.50, and two sale mortgages of
the same date to him on certain real estate, the bill setting up
and claiming usury and payment, whereby all the notes should,
as plaintiff in error claims, be canceled, and he, therefore,
asked such relief.   One B. H. Durham was also made a party,
charging in the bill that he was the fraudulent assignee of a
large portion of the notes.   The supplemental bill sets up the
same facts that are alleged in the original bill, and that since
the filing of the original bill and service therein the said Koons
and Durham proceeded to make sale of a large portion of the
lands in suit, to wit:   On March 5, 1878, the same day on
which the original bill was filed, and that William B. Koons
pretending to become the purchaser of all said lands, pre-
tending to bid therefor the sum of $5,000, said Durham
made a deed to the said Wm. B. Koons of said lands, that at
said pretended sale Durham offered all in one lot, and not in
separate parcels, and the same were bid for and struck off in
one lot to defendant in error W. B. Koons, and aver that the
sale was made to defraud complainant out of his just rights,
and for the purpose of depriving him of his just credits.   That
the sale was a sham, and that no money was paid or other con-
sideration passed from W. B. Koons, but that the lands were
bid in for O. W. Koons.   To such supplemental bill the re-
spondents, the two Koons, answer jointly and severally that

Hollingsworth v. Koons.

the sale was genuine and denying the allegations in the bill, and W. B. Koons filed his several answer in which he averred that he was an utter stranger to the original transactions complained of and could not be affected thereby; admits that the lands set forth in the original were sold under power of sale in the mortgage, but denies that it was made to deprive plaintiff in error of his right, but solely on account of default in payment; claims that he bought them under the mortgage, and that he had a trustee's deed for them, and that he had a good and valid title for the lands, and that the lands might be sold *en masse*. The court on hearing rendered a decree divesting the appellee, W. B. Koons, of all his title to that portion of the lands in question purchased by him at the mortgagee's sale and deeded to him by the said Durham, the assignee of some of the notes in question, upon the condition of the payment by the plaintiff in error of the said sum of $957.73 within three months, and in failure of such payment the bill to stand dismissed.

Upon this record the counsel for the defendants in error moved the court to dismiss the writ of error herein for want of jurisdiction in this court to hear and determine the issues in case here being a question of freehold involved as between the plaintiff in error and W. B. Koons, within the meaning of the statute fixing the jurisdiction of the appellate courts.

We have given the question a careful examination and looked over most of the cases decided by this and the Supreme Court within our reach and have come to the conclusion that the motion ought to prevail. There seems to have been much confusion and doubt as to the proper meaning of the statute as to when in any given case a freehold was actually involved, and it may not be entirely settled yet. But we think the question has been sufficiently settled by the late decision of the Supreme Court to enable us to determine that within the construction given by that court of the act a freehold is involved.

In the case of Mary C. Dobbins, impleaded, etc., v. The First National Bank of Peoria, decided at the March term,

1883, and filed in the clerk's office of the Supreme Court, it was decided that within the facts of that case, a freehold was not involved, and the court dismissed the appeal for that reason, by the statute that court having no jurisdiction, the appeal belonging to the appellate court. The facts were that the appellee in that case was holder of a judgment in the circuit court against one Baldwin, and filed the bill to set aside, as a cloud on the title of the real estate taken in execution, a sheriff's deed held by appellant, obtained by means of a sale under execution on a judgment in appellant's favor against the same Baldwin, and purchase by her, and also a tax title obtained while Baldwin was the owner. In deciding, the court says, by Walker, Judge, "The rule is recognized that a freehold within the meaning of the statute will never be regarded as involved where the primary object of the litigation is to enforce some lien or charge against an estate, rather than to recover the estate itself, as is always the case with a creditor's bill or a proceeding to foreclose a mortgage and the like. In other words, where the freehold only is collaterally drawn in question as a mere means of accomplishing some ulterior object, and it is within the power of the owner to relieve it from the threatened danger, the statute does not apply. On the other hand, where the object of the suit is to recover a freehold estate, and not merely to enforce some lien or charge upon it, and by virtue of the decree or judgment to be rendered therein one party will necessarily lose and the other gain a freehold estate, and it is not within the power of any one interested in the litigation other than the plaintiff, to defeat the operation of such judgment or decree by the payment of a sum of money or the performance of some other collateral, the statute applies, and a freehold will be regarded as involved. It is hardly necessary to observe that for the purpose of the rule it is immaterial which party is successful in the litigation, for in either case the judgment or decree, if rendered, will conclusively determine the title between the parties so long as it remains in force."

It has been argued that the opinion announced by the Supreme Court in the cases of the Chicago Theological Sem-

inary v. Gage, 103 Ill. 175, and Monroe v. Van Meeter, 100 Ill. 347, announce a different doctrine.   In the first named case the issue was between the appellee who held a trust deed to the real estate in question executed by one Severns to Snyder, trustee, for appellee's benefit, and on filing bill to foreclose, Gage, the appellant, was averred to be the holder of a tax title claiming adversely, and it was sought to set aside such tax title as a cloud on the title.   The second named case was where a party interpleaded in an attachment suit, setting up title in himself, and the plaintiff claimed the defendant in the attachment held a life interest in the real estate in question.   It was held that a freehold was involved in both the cases named. It is claimed that in either of those cases the owner of either of the titles sought to be divested could have redeemed and released the land " from threatened danger," by paying in the one case the amount due on the trust deed and in the other the sum found to be due the plaintiff in the attachment suit, and to secure which the land was attached, and that according to the rule laid down in the Dobbins case no freehold was involved in those two suits and in which the court held there was a freehold; that there was a tax title involved in the Dobbins case as well as in the Gage; that we should follow the rule laid down in the two cases instead of the last if there is any conflict.   Whatever discrepancy there may be in those decisions, we can not but think that the Supreme Court will adhere to the rule in the Dobbins case, for the judge, writing, says that it had recently decided or held the same rule in three cases.   But even under the rule laid down in the Dobbins case we think that a freehold is involved here, for on the part of W. B. Koons there could be no redemption.   The decree takes from him his title absolutely with only the condition that plaintiff in error pay the amount found due from him on the original mortgage.   The mortgagee's deed under which W. B. Koons claims title being absolutely set aside, it depends upon the will of the plaintiff in error whether the latter's title be divested or not, and it is not within the power of the latter " to defeat the operation of the decree " or " avert the threatened danger."   The right to redeem may or may not be

exercised by the plaintiff in error, but the effect of the decree is to make his title paramount to that of W. B. Koons subject to be relinquished by his refusal to pay the money provided for in the decree.

The court decided the claim of title by W. B. Koons under the pleading and evidence against the latter. That was the issue, whether his title was fraudulent or not. This may be likened to cases where bills are brought to enforce specific performances—where a written contract exists for the sale of land. The one party may claim, and the other deny, that the title should be conveyed upon the payment of a certain sum of money. If the circuit court should decree it should be, we think it could hardly be contended that a freehold was not involved. It seems to us that whatever claims are set up to defeat a freeholder of his estate, even if he is offered money for it, and he denies the right, that this in a court of justice involves the freehold, the issue is, whether he shall hold the title or whether it shall be taken from him and invested in another. We do not think that the court in the case of Gage v. Starkweather, 103 Ill. 559, meant to hold that where a tax title was regular on its face and conveyed title, a bill to redeem would not put in issue the title so as to involve a freehold. In that case the tax deed had no seal and was void; and in the case of Gage v. Busse, 94 Ill. 590, where Gage held a certificate of purchase even after redemption and Busse filed a bill to redeem, there was no freehold involved because no deed was in existence. There was no legal title involved although two of the judges dissented. In the Theological Seminary v. Gage, 103 Ill. 180, it is said, " it seems to be established by this court that a freehold will be regarded as involved where real estate is claimed under a deed regular on its face and purporting to pass title which is sought to be set aside by an adverse claimant as a cloud upon the latter's title. This definition applies to cases where the object is to remove a cloud from a legal title. In such case both titles must be legal. There could be no standing in court unless complainant had a legal title and the cloud must be a legal title on its face. This is a safe rule applied to such

cases.    But what would be  a  proper definition in that  large
class of cases in  which the  legal  title  exists  in  one and  the
equitable title in  the  other, but no legal·title, and the  object
sought was to divest the one of his  legal title and transfer  it
to the holder of  the equitable?    The holder of  the  equitable
title might or might not be compelled to pay money as a con-
dition precedent  to his right  to  be  invested  with  the  legal
title.    It would  seem  not to be a requisite that both  parties
to a suit should have a legal title  regular on its face, in order
to involve the question of freehold.    In  the  case at bar,  the
appellee, W. B. Koons, obtained, as he  answers,  a  good and
valid title: his title is  regular on its  face  and is a  good  title
unless he has obtained it by fraud or unless  he is a voluntary
trustee,  holding the  legal title  for  the  mere accommodation
of O. W. Koons.    This is the issue and the main issue so far
as he is concerned.    It is not collateral to his title.    There is
not, necessarily,  any question  between him and  appellant  in
regard to the debt; that issue is between the latter and  O. W.
Koons.

   This case was once on appeal to the Supreme Court  direct-
ly where the same  issues were involved as now, and since the
act of 1879; and it sustained the jurisdiction, passing on some
of  the merits of  the controversy, which they could not right-
fully  have done had not a freehold been  involved; and a worse
consequence would  be  the result, for  their order  reversing
the former decree would be  a  nullity, and that decree  would
still be in force;  under the circumstances the court must have
carefully examined the question of its jurisdiction.

   We think that a  freehold is involved.    It is  therefore or-
dered that the writ of error be dismissed.

                         Writ of error dismissed.