George Zemel d/b/a Midwest Currency Exchange, Plaintiff-Appellee, v. Chateau Royale Corporation, an Illinois Corporation, Defendant-Appellant.

Gen. No. 48,492.

First District, First Division.

May 7, 1962.

Richard Altieri, of Chicago, for appellant.

Lester Slott, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This action was brought by a holder other than the payee against the drawer to collect the face amount of a check. In the Municipal Court of Chicago summary judgment was entered in favor of the plaintiff, and defendant has appealed.

George Zemel, the plaintiff, doing business as Midwest Currency Exchange, alleged in his statement of claim that defendant, Chateau Royale Corporation, issued a check for $1533, dated September 13, 1960, payable to the order of Ralph A. Scafuri Company, Inc.; that on the same date plaintiff came into lawful possession and was owner and holder of said check endorsed by the payee; and that on the following date the Main State Bank (drawee) refused to honor said check because of defendant's order to stop payment.

After its motion to strike the complaint was denied, defendant answered denying that plaintiff came into lawful possession of said check and that plaintiff was a holder in due course. The defendant further averred that plaintiff had notice of an infirmity in the check and defect in the title of the person negotiating the check, and that plaintiff had not received the check in good faith and for value.

Plaintiff subsequently filed a motion for summary judgment supported by an affidavit wherein he reiterated the substance of his statement of claim and added that he was a holder in due course, "that there

was never any qualified endorsement nor any facts or writings or evidence upon said check which would put said Plaintiff upon any notice that he could not cash said check"; and that defendant thus had no right to stop payment.

Defendant's counter-affidavit reaffirmed matters pleaded in the answer, specifying that plaintiff was not a holder in due course and that he did not take the check in good faith and for value, as provided in [Ill Rev Stats c 98 § 72 (1961)]; that he failed to inquire whether the individual cashing the check was authorized to do so by the payee-corporation, and that plaintiff had notice of an infirmity in the check. Defendant added that it had a right to stop payment because it had been informed that "the check was misappropriated."

The trial judge granted plaintiff's motion for summary judgment in the amount of $1533. That determination, in our opinion, was improper. Summary judgment should not be entered unless "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." [Ill Rev Stats c 110, § 57(3) (1961)]. Moreover, the right of the moving party must be free from doubt, and accordingly, the supporting affidavits are to be construed most strongly against the movant and the entire record must be considered. J. J. Brown Co., Inc. v. J. L. Simmons Co., Inc., 2 Ill App2d 132, 118 NE2d 781.

From the pleadings and affidavits here the existence of controversy over material facts is readily apparent. Whether the plaintiff received the check in good faith and for value, or whether he had notice of an infirmity, were matters to be determined by the trier of fact. The duty of the trial judge in summary judgment proceedings is to determine whether an issue of fact exists, not to resolve facts in dispute. Summary

315

judgment procedure may not be used, as we think it was here, to impair the right of trial by jury where there remains a factual issue. Goodwin, Inc. v. Bowers Co., 24 Ill App2d 158, 164 NE2d 278; Simaitis v. Thrash, 25 Ill App2d 340, 166 NE2d 306.

Prior to the filing of its answer defendant attempted to examine the plaintiff through oral discovery deposition. On advice of counsel plaintiff refused to answer questions concerning the circumstances whereby he obtained the check. The trial judge ruled that plaintiff was not required to answer. We think this ruling was erroneous. The questions were directed toward the establishment of defenses recognized by statute [see Ill Rev Stats c 98, § 78 (1961); Weinstein v. Sprintz, 234 Ill App 492] and thus obviously related to "the merits of the matter in litigation" [Sup Ct R 19–4, Ill Rev Stats c 110, § 101.19–11 (1961)]. From both the language of Rule 19–4 and the liberal application thereof (People ex rel. Terry v. Fisher, 12 Ill2d 231, 236, 145 NE2d 588; Krupp v. Chicago Transit Authority, 8 Ill2d 37, 41, 132 NE2d 532; Smith v. Ohio Oil Co., 10 Ill App2d 67, 73, 74, 134 NE2d 526) it is clear the questions should have been answered.

The judgment of the Muncipal Court is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

MURPHY, P. J. and ENGLISH J., concur.