Louis Di Battista, Plaintiff-Appellee, v. Centennial Insurance Company, a Corporation, and the Insurance Company of the State of Pennsylvania, a Corporation, Defendants-Appellants.

Gen. No. 10,536.

Fourth District.

September 28, 1964.

Clausen, Hirsh, Miller & Gorman, of Chicago, and Hayes & Moore, of Champaign, for appellants.

■■■■■■■■■■■■■■■■
■■■■■■■■

Summers, Watson and Kimpel, of Champaign, for appellee.

SMITH, J.

A question of procedure is involved. Defendants, both fire insurance companies, appeal from an order granting plaintiff's motion for summary judgment. The pleadings are a thicket. They are: (1) Plaintiff's complaint alleging coverage and loss; (2) plaintiff's interrogatories; (3) defendants' objections to same; (4) plaintiff's amended interrogatories; (5) defendants' objections to same; (6) defendants' interrogatories; (7) verified answer; (8) plaintiff's motion to strike same; (9) plaintiff's answer to interrogatories; (10) defendants' motion to strike certain answers; (11) plaintiff's additional answers to interrogatories; (12) plaintiff's motion for summary judgment; (13) defendants' verified amended answer containing denials and special defenses; (14) plaintiff's motion to strike same; (15) defendants' motion to strike motion for summary judgment; (16) defendants' motion to vacate judgment; and (17) plaintiff's objections to same. As we have noted, the motion for summary judgment was allowed. Defendants' motion to vacate was denied. They claim error as to both rulings and to an order striking some special defenses.

■■■■ Oddly enough, in this thicket, we find no reply to the special defenses left extant. Hence, such as are left stand admitted for purposes of the motion for summary judgment. Such motion poses this question: Are there any triable issues? Since the end of pleading is to frame triable issues, we look for answer to the viable pleadings. If there are no triable issues, no relevant issues of fact to be decided, the motion is good.

We have said there was no reply to the special defenses left extant, meaning they had weathered a

motion to strike. Their survival minus any reply, willy-nilly, framed triable issues. Summary judgment and triable issues are incompatible. Triable issues should be tried and vice-versa. Summary judgment therefore should not have been granted.

■ So favored is the avenue of trial that affidavits in support of the motion are strictly construed, while those in opposition, it is said, receive a liberal construction. Midwest Grocery Co. v. Danno, 29 Ill App 2d 118, 172 NE2d 648. This is not so much to say that summary disposition is in disfavor, rather, we are chary of denying a litigant his day in court. Hence the benefit of the doubt goes to the party resisting the motion. After all, a mistaken denial denies neither his day, though it is doubtless an imposition on the movant. That as it may be, this imposition is of nothing compared with the consequences resulting from a mistaken allowance for then the case is over, with only an appeal available to show that there were triable issues. An appeal, as we know, is not always possible, and even if we assume, as we must, that an appeal would in the course of nature set things aright, that avenue is laborious and expensive, which does not, of course, detract from our assumption.

■ The right to summary judgment must be clear beyond question. Solone v. Reck, 32 Ill App2d 308, 177 NE2d 879. Sampson Co. v. Mandel Bros., Inc., 3 Ill App2d 92, 120 NE2d 571, sums the situation up nicely: "Plaintiff's right to judgment should be free from doubt. If the defense is arguable, apparent, made in good faith it should be submitted to the jury. The court is bound to accept statements of fact as true when alleged in defendant's affidavits. The whole record must be considered."

■ We turn briefly to the pleadings. Defendants' amended answer stated that plaintiff had breached

86

the "Concealment" and "Loss" conditions of the policy. As we have seen, there was no reply to these defenses, nor were they otherwise traversed, hence they stand admitted. A breach of these conditions (we will not belabor the point) could defeat recovery. Hence there *were* genuine issues of fact to be tried.

Three affirmative defenses were stricken and we are asked to resurrect them. They look to a breach of the "Concealment" condition. One has to do with an inflated figure used in the proof of loss and the others with misrepresentations that the building burned was both a club *and* a restaurant, and that plaintiff was sole and unconditional owner of the real estate. These three misrepresentations, it is alleged, were made with intent to cheat and defraud.

██ The defense as to ownership is not argued, hence waived. Whether the building was used solely as a restaurant, or, as a club *and* restaurant, involves a question of coverage and could constitute a defense if made as asserted. So too does an inflated claim if done for the purposes alleged. Ledford v. Hartford Fire Ins. Co., 161 Ill App 233, Tenore v. American and Foreign Ins. Co., 256 F2d 791 (7th Cir). Accordingly, these two special defenses were improperly stricken.

In view of the fact that the judgment must be vacated we need not consider the propriety of the court's refusal to consider defendants' motion to vacate. Since this matter must proceed to trial, plaintiff should be given leave to reply. The judgment below is reversed and the cause remanded with directions not inconsistent with this opinion.

Reversed and remanded with directions.

CROW, P. J. and SPIVEY, J., concur.