Alex Pietruszynski and Antoinette Pietruszynski, Plaintiffs-Appellants, v. The Prudential Insurance Company of America, a Corporation, Defendant-Appellee.

Gen. No. 49,457.

First District, Third Division.

December 31, 1964.

Charles C. Porcelli, James J. Jorgensen and Michael Parisi, of Chicago, for appellants.

Peterson, Lowry, Rall, Barber & Ross, and C. Malcolm Moss and Lloyd G. Gregerson, all of Chicago (Owen Rall and William A. Cannon, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This case involves an appeal by the plaintiffs from a summary judgment. An action at law was brought to recover $5,000, the face amount of a policy of insurance issued by defendant upon the life of an infant, Karen R. Pietruszynski. The court, on defendant's motion for summary judgment, supported by affidavits and on counter-affidavits of the plaintiffs, entered a summary judgment in favor of the plaintiffs in the amount of $1,250. While the face amount appearing on the policy is $5,000, the language immediately following is: "except that before the first policy anniversary the face amount is one-fourth of this amount." The policy is dated April 7, 1961, and the death occurred on April 4, 1962.

The only error claimed on this appeal is that the trial court erred in entering summary judgment when the affidavits and the pleadings created a material issue of fact.

The amended complaint, to which the policy of insurance was made a part, alleged the following: That on April 3, 1961, the defendant executed and issued its policy of insurance on the life of Karen B. Pietruszynski, whereby the defendant agreed to pay the plaintiffs, parents of the insured, the sum of $5,000 upon furnishing due notice and proof of death. That the policy of insurance issued by the defendant bears on its face the date April 7, 1961; that attached to page 7 of said policy is a copy of the application of insurance signed by plaintiff, Alex Pietruszynski, on April 3, 1961. That pursuant to the terms of said application the policy of insurance upon the life of the deceased, Karen R. Pietruszynski, became and was in fact effective on April 3, 1961, when the plaintiffs allegedly paid the initial premium on said policy. The amended complaint further states that the policy of insurance as attached and bearing the date of April 7, 1961, is erroneous and should in fact bear the date of April 3, 1961. That on April 4, 1962, Karen died while said policy was in full force and effect. That the plaintiffs were the beneficiaries named in the policy, and that Karen, the insured, and plaintiffs have performed all the conditions of said policy of insurance to be performed by each of them.

The answer of the defendant to the amended complaint at law denied that it issued its policy of insurance on the life of Karen on April 3, 1961, and alleges that the defendant issued a policy on the life of Karen bearing policy date of April 7, 1961. That the policy attached to the amended complaint is a true and correct copy of the policy issued by the defendant. That the policy was issued for the face amount of $5,000, with the exception "that before the first policy anniversary the face amount is one-fourth of this

amount." That the policy in bold face print on its face states "POLICY DATE Apr 7, 1961." That attached to said policy is a copy of the application for same signed by Alex Pietruszynski, one of the plaintiffs herein, under date of April 3, 1961. That he was the father of the insured. That the minor child was born on February 12, 1961. That under the terms and provisions of the application for the policy the ownership and control of the same at the time of its issuance was in Alex Pietruszynski, father of the insured minor. The answer denied the following: that the policy became and was effective on April 3, 1961; that the plaintiffs paid the initial premium on the said policy on April 3, 1961, and that the policy date appearing on the face of the policy, which is April 7, 1961, is erroneous in any respect. The defendant admitted insured's death on April 4, 1961, but denied that at the time of the insured's death the beneficiaries of the policy would be entitled to more than the sum of $1,250, for the reason that insured's death occurred prior to the first policy anniversary, and said amount had been tendered to the plaintiffs and refused by them. Thereafter a motion for summary judgment was filed by the defendant based upon the complaint, together with a copy of the policy sued upon attached to the complaint and the company's answer. Defendant's motion for summary judgment stated that plaintiffs admitted in their complaint that the policy attached thereto is a true and correct copy of the policy issued in this case. That the policy on its face bears the policy date of April 7, 1961, and below the policy date the following: "FACE AMOUNT $5,000, except that before the first policy anniversary the face amount is one-fourth of this amount." That the plaintiffs' complaint admits the

insured's death on April 4, 1962, and therefore under the terms and provisions of the policy plaintiffs are not entitled to recover more than the sum of $1,250.

The plaintiffs filed an answer to the motion for summary judgment in which it is stated that the application for the said insurance policy as executed by one of the plaintiffs is attached to and made a part of said policy. That the application is dated April 3, 1961, and that it is plaintiffs' contention that the policy of insurance as issued by the defendant was effective on said date and not on April 7, 1961, as appears on the face of the policy.

The plaintiffs in their answer further contended that a premium was paid on April 3, 1961, at the time the said application was executed, and that pursuant to the second paragraph in column 1 of said application and subparagraph (b) thereof there was in effect on the date of said application a valid contract of insurance upon the life of said Karen R. Pietruszynski. The plaintiffs further contended in their answer that the policy of insurance as issued and dated April 7, 1961, is misleading in that said policy of insurance was, in fact, in effect as of the date of the application therefor, to-wit: April 3, 1961; that the question whether or not the policy of insurance was in effect on April 3, 1961, raises a question of fact to be decided by the court, and that therefore defendant's motion for summary judgment should be denied.

The defendant also filed an affidavit by one Douglas L. Hiley, in which he set forth that on page 1 of the application it is stated on its face in answer to question 11 that premiums were to be paid on a quarterly basis, and said application further contains the following question and answer: "12A. Amount paid in advance? Ans. $ C. O. D. ." That Alex Pietruszynski declared that all statements appearing on page 1 of said application, including the answer to

question 12A, were completed and true, and further agreed in accordance with the provisions of said application that the policy applied for "shall be deemed to have taken effect as of the policy date stated in the policy." That the policy date stated in the policy was April 7, 1961.

An affidavit in support of the motion for summary judgment was signed by William Hadfield, the manager of the Berwyn Plaza District Office of The Prudential Insurance Company of America. In his affidavit he stated that one Salvatore Gallucci was working under his direction as a soliciting agent of life insurance as of April 3, 1961, and prior and subsequent thereto. That the said Salvatore Gallucci prepared in his handwriting a deposit sheet under date of April 25, 1961, showing deposits made by him at the aforesaid District Office of all weekly, monthly and ordinary premiums collected by him since the date of his previous deposit; that the attached copy of the deposit sheet bearing date April 25, 1961, is true and correct; that the said record states on the face thereof that a premium collection of $13.20 was made by the said Salvatore Gallucci on April 24, 1961, covering the premium on Policy No. 29 526 790 bearing date of April 7, 1961; that that was the policy issued on the application of April 3, 1961; that said sum of $13.20 was deposited by the said Salvatore Gallucci with the Berwyn Plaza District Office on April 25, 1961, and that the said deposit sheet was the first turned in by the said Salvatore Gallucci showing a premium collection in connection with the issuance of the policy in question. A photocopy of the sheet referred to was attached to the affidavit.

The affidavit of Salvatore Gallucci was also filed in support of the motion stating that Alex Pietruszynski paid no money in connection with the first premium at the time the application was filled out and signed

by him on April 3, 1961, and that the said Alex Pie-truszynski stated to Salvatore Gallucci that he would pay the premium upon delivery of the policy, which policy was delivered to the applicant on or about April 24, 1961.

Plaintiff Alex Pietruszynski filed a counter-affidavit in opposition to defendant's motion for summary judgment, in which he stated that the application for insurance was completed and blanks filled in by an agent of the defendant; that he had no knowledge as to the meaning of the code letters C. O. D., which appear on said application as the answer to question 12A. That affiant paid the intial premium due upon said policy to defendant's agent on April 3, 1961, the date the application was signed. That he was told by defendant's agent that when he paid the initial premium on April 3, 1961, that the policy of insurance was then in force; that this statement by defendant's agent is further borne out by the application for insurance, and that the policy of insurance should have borne the date of April 3, 1961.

■ The plaintiffs' only point is that where affidavits in support of and in opposition to a motion for summary judgment indicate that a disputed question of fact exists, entry of summary judgment is improper because it deprives the party against whom the motion is made, of a jury trial. In support of this contention plaintiffs cite Zemel v. Chateau Royale Corp., 35 Ill App2d 313, 182 NE2d 383, which holds that it is the duty of the trial judge in summary judgment proceeding to determine whether there is a genuine issue as to any material fact. Plaintiffs also cite numerous other cases to the same effect. As to this rule of law there can be no question. However, the only fact in dispute, according to the affidavits, is whether the policy of insurance should have been

dated April 3, 1961, as contended by the plaintiffs, or whether the date of April 7, 1961, which appeared on the face of the policy, controls.

This was an action at law to recover on a contract of insurance. The application for the policy of insurance was made a part of the policy of insurance as issued. The application for the policy reads in part as follows:

> "I agree: (1) that this application, . . . shall become a part of the policy hereby applied for; (2) that no agent has the authority to waive the answer to any question in the application, to modify the application, or to bind the Company by making any promise or representation or by giving or receiving any information; (3) that except as may be otherwise provided in the Conditional Receipt Form ORD 22388 Ed 1–61 bearing the same date as this application and for the amount shown in 12A. above as having been paid with this application, no insurance shall take effect unless: (a) a policy is issued by the Company . . . , and (b) the full first premium thereon is paid, and (c) all of the answers to the questions in the application and in any medical examination continue to be true and complete answers as of the date of delivery of the policy, in which case the insurance, in accordance with and subject to the terms and conditions of the policy, shall be deemed to have taken effect as of the *policy date stated in the policy;* (emphasis supplied) (4) that the acceptance of the policy shall constitute an approval of the provisions contained therein. . . ."

In this case there was no showing of a conditional Receipt Form ORD 22388 Ed 1–61 bearing the same

date as the application and for the amount shown in 12A. Actually, no amount was shown in answer to 12A, merely the letters "C. O. D."

The application on its face shows that no premium was paid at the time the application was signed by Alex Pietruszynski on April 3, 1961. The answer to question 12A "amount paid in advance?" was "$ C. O. D. ." The question 12B in the application is "Does this equal or exceed first premium?" The answer was, "No."

The issue of fact raised by the motion for summary judgment would be material in an action in equity to reform the policy.

In Niedringhaus v. Aetna Ins. Co., 235 Ill App 335, the court on page 338 said:

> "A court of law is without jurisdiction to reform and enforce a written contract which is unambiguous even under the guise of construction. When it is necessary to change the terms of such a contract and to insert a provision not found therein the remedy is not to be found in that court."

In Spence v. Washington Nat. Ins. Co., 320 Ill App 149, 155, 50 NE2d 128, it is said:

> "It is further recited that parol evidence is not admissible to vary the terms of the written contract of insurance by showing what was said before or at the time of its execution, and that the insured is bound by the terms of the policy where he accepts and keeps it for a long period of time."

In the instant case the beneficiaries under the policy had the policy in their possession for almost a year before the death of Karen occurred.

Alex Pietruszynski, who made the application for the policy agreed in the application that the application would become a part of the policy applied for; that no agent for the company had any authority to bind the company by making any promise or representation; that except as otherwise provided in Conditional Receipt Form 22388 Ed 1–61, bearing the same date as the application, and for the amount shown in 12A as having been paid with the application, no insurance would take effect unless a policy was issued by the company, the first full premium was paid, and all answers to questions in the application continued to be true and complete answers, then the insurance would be deemed to have taken effect as of the policy date in the policy. He further agreed that the acceptance of the policy would constitute an approval of the provisions contained therein.

There is nothing in the application that would require the policy to bear the same date as the application unless so provided in Conditional Receipt Form 22388 Ed 1–61 bearing the same date as the application and for the amount shown in 12A as having been paid with the application. No Conditional Receipt Form 22388 Ed 1–61 was alleged to have been received by the plaintiffs. The application provides that the insurance shall take effect as of the policy date.

██ We conclude that the policy of insurance and the application therefor are unambiguous; that it was unnecessary for the court to decide the issue raised by the counter-affidavit in opposition to defendant's motion for summary judgment, to the effect that defendant's agent told Alex Pietruszynski that the policy of insurance was then in force, or even the question as to whether the initial premium was paid

on April 3, 1961, the date of the application. To permit evidence to be submitted to a jury on these questions would amount to permitting the plaintiffs to reform a contract of insurance in an action at law brought to enforce the contract as written. The record on the motion for summary judgment clearly shows that the insured, Karen R. Pietruszynski, died within less than one year from the date of the policy, and that the beneficiaries were entitled to only one-fourth of the face amount of the policy.

Judgment affirmed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.