James A. Blonar, Plaintiff-Appellant, v. Inland Steel Company, Defendant-Appellee.

Gen. No. 49,287.

First District, Second Division.
January 26, 1965.
Rehearing denied March 2, 1965.

James A. Dooley, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Richard E. Mueller and John O'Meara, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

Plaintiff appeals from an order granting defendant's motion for summary judgment.

Appellant brought suit against appellee to recover damages for an injury incurred in a fall on February 15, 1957. On that date appellant was an employee of the Ace Metropolitan Restoration Service, owned and operated by his brother-in-law Harry Kiriluk. This company had a contract (which was not placed in evidence and which has only been alluded to by Kiriluk) with the appellee to clean and wash the windows in the appellee's buildings. On the day of the accident, at about 8:45 a. m. while working on a scaffold about 50 feet above the ground, two supporting metal rods in the scaffold broke, plunging appellant and the device onto a concrete ramp below. He was seriously injured and hospitalized. Appellant brought suit under the Indiana Dangerous Occupations Act, Burns Ind Stats Ann 1961, Sections 20–301 to 20–305.

The pertinent provisions of the Indiana Dangerous Occupations Act herein involved are as follows:

> "It is hereby made the duty of all owners, contractors, subcontractors . . . engaged in the . . . construction . . . of any building . . . to see and to require that all . . . rope . . . appliances . . . contrivances . . . are carefully selected, inspected and tested, so as to detect and exclude defects and dangerous conditions, and that all scaffolding, . . . and all contrivances used, are amply, adequately and properly constructed, . . . and, generally it shall be the duty of all owners, . . . contractors, subcontractors, and all other persons having charge of, or responsible for, any work,

. . . involving risk or danger to employees, . . . to use every device, care and precaution which it is practicable, . . . to use for the protection and safety of life, limb and health, . . . without regard to additional cost . . . the first concern being safety to life, limb and health." Burns Indiana Statute Annotated, Sec 20–304.

In paragraph 4 of his complaint plaintiff alleges

4. That prior to and at the time and place aforesaid the defendant operated, used, maintained and controlled a certain staging or scaffolding of which defendant had charge and for which defendant was responsible in connection with the care, operation, management and maintenance of said building, which staging or scaffolding was at a height exceeding 30 feet elevation from the ground.

By its answer appellee admitted existence of the statute but denied that it had been negligent as charged, or that plaintiff had been injured as the result of any negligent or wrongful act on the defendant's part.

Appellee's motion for summary judgment was supported by two affidavits. One was the affidavit of J. L. Ridinger, appellees' Director of Safety and Plant Protection, which in substance stated that appellee did not supply the scaffold; that no scaffold was given to the appellee by Ace for inspection, or any other purpose; that appellee at no time inspected or approved any of the scaffolding used in the operation. The second affidavit was that of Harry Kiriluk, who stated that he had purchased and assembled the scaffold in 1954; that it had been used in the window washing business from 1954 until the day of the accident; that at no time did he give the scaf-

101

folding to the appellee for any purpose including inspection; that appellee did not at any time direct, order or interfere with the construction and erection of the scaffold.

Appellant filed three counteraffidavits executed by Clare Murphy, an associate of plaintiff's attorney. The first stated that Kiriluk had informed affiant that the affidavits filed by the appellee did not tell all the facts relating to the case and that justice required that the deposition of Kiriluk be taken for action on the motion for summary judgment. The deposition was taken and a second affidavit by Murphy was filed, wherein excerpts of Kiriluk's testimony in the course of his deposition were set out. It averred among other things that Kiriluk had attended monthly safety meetings conducted by appellee after having received a written notification from the company thereof; that he had purchased the scaffolding in 1954 or 1955 and brought it to appellee's plant and it was inspected by their safety department, naming the inspectors as Reguly, Kelly and Mitchell; that after said inspection he was allowed to use the scaffold; that appellee's safety men circulated around the grounds during working hours, checking on men and equipment and informing the contractors to correct or remove anything that did not meet appellee's safety standards and that he was required to report each day to appellee's safety department, which he did by 'phone, whereupon a member of the safety department would come and observe the manner in which the work was performed. The third affidavit was filed on behalf of appellant in which Murphy swore to excerpts from the deposition of appellant, Blonar. It alleged in substance that all equipment used on the appellee's property had to go through, and be inspected by the Safety Department and that this particular scaffold had been so

102

inspected; that appellant had been told by Kiriluk that safety lines were strung along the scaffold as required by appellee's safety department; that when appellant first started to work he was shown a letter by Kiriluk from appellee's safety department approving the scaffold.

It is appellant's theory that, in light of the absolute duty imposed by the statute, the entry of summary judgment for appellee was error where there was a disputed question of fact as to whether appellee-owner of the building upon which the scaffolding was being employed, reserved control over and undertook to inspect the said scaffold. It is the theory of appellee, that the affidavits, counteraffidavits and depositions established, as a matter of law that the appellee, did not have charge of, nor was it responsible for the scaffold used for the window washing work, which had been let to Ace, and accordingly, that the court properly entered summary judgment for appellee.

 It must be kept in mind that this is an appeal from an order of summary judgment in which the principal question to be decided is whether the summary judgment for the appellee was proper. It has been repeatedly held that a summary judgment is proper only when there is no triable issue of fact present. When there is an issue of fact present, a Trial Court must deny a motion for summary judgment. In Halloran v. Belt Ry. Co. of Chicago, 25 Ill App2d 114, 166 NE2d 98 (1960), at pages 118, 119, the Court stated:

". . . only when the undisputed facts are susceptible of but a single inference does the issue become one of law. (Inland Steel Co. v. Industrial Commission, 18 Ill2d 70, 78 (1959).) Questions which are composed of factors sufficient to

103

cause reasonable men to arrive at different results should never be determined as matters of law. (Ney v. Yellow Cab Co., 2 Ill2d 74, 84 (1954).) Defendant's right to judgment must be free from doubt. If the pleadings, discovery depositions and exhibits present a genuine issue as to any material fact, the judgment order ought not to have been entered. . . ."

Cf. Loving v. Allstate Ins. Co., 17 Ill App2d 230, 236, 149 NE2d 641 (1958). The governing principles guiding summary judgment procedure are found in Gliwa v. Washington Polish Loan & Building Ass'n, 310 Ill App 465, 34 NE2d 736 (1941), where it is stated that the procedure may not be used to impair the right of trial by jury. Its purpose is not to try an issue of fact but to determine whether one exists between the parties as a matter of law. It is also a fundamental principle that when ruling on a motion for summary judgment, the trial court must construe an affidavit most strongly against the person submitting it. Di Battista v. Centennial Ins. Co., 52 Ill App2d 84, 201 NE2d 466 (1964). Cf. Zemmel v. Chateau Royale Corp., 35 Ill App2d 313, 182 NE2d 383 (1962).

It is appellant's contention that the pleadings, affidavits, depositions and counteraffidavits raised two triable issues of fact. One, whether appellee reserved control over the scaffold and two, if control was found not to be reserved, whether Kiriluk was an independent contractor. It is appellee's contention that no triable issues of fact existed, as only a person who is "in charge of" or "responsible for" the work and not the party who "reserves control" has a duty to see that scaffolding is adequately and properly constructed, and that as a matter of law, appellee was not "in charge of" or "responsible for" the work. In support of this contention, appellee contends that only an em-

ployer can be "in charge of" and "responsible for" work, and that in the instant situation Kiriluk was an independent contractor and thus Inland Steel Company could not be in "charge of" or "responsible for" the work. The case could be disposed of on this contention alone, as there is a triable issue of fact raised by the pleadings, affidavits and depositions as to whether or not appellee was "in charge of" or "responsible for" the scaffolding. Palier v. Dreis & Krump Mfg. Co., 47 Ill App2d 334, 198 NE2d 521 (1964).

The Indiana cases have construed the statute, however, and found that an owner does not only have to be "in charge of" or "responsible for" the work, but may "reserve control" over the character of the appliances used and such reserved control places liability on an owner, contractor or sub-contractor.

It has been stated by appellee and conceded by appellant that the case of Leet v. Block, 182 Ind 271, 106 NE 373 (1914) is Indiana's leading case in the construction of the Indiana Dangerous Occupations Act. The Leet case would indicate that the act does not deprive the owner of the defense of independent contractor even though the work was performed on the owner's property. This is the construction given to it by appellees when they cite from the Leet case the following language:

> "The act evinces no legislative intent to impose a duty of testing and inspecting appliances, except on the particular owner, contractor, or sub-contractor who has 'charge of' or is 'responsible for' the work, etc., in question. *While the act does materially change the common-law duties of the employer and impose on him greater obligations in relation to the safety of employes, it was not the legislative purpose to make the owner*

*liable for an injury occurring to an employe of a contractor or subcontractor because of the latter's negligence,* in cases where an owner lets a contract for the particular work, without reserving any control over the manner of the work or the character of appliances used. It was the purpose of the enactment to fix a higher standard of care on the person having the particular work in charge, whether such person be owner, contractor, subcontractor, or other person, but the language of the statute, considered as a whole, precludes the theory of any intent to eliminate the doctrine of independent contractor." (Emphasis supplied by Appellee.)

Appellant's construction of the Leet case is that the mere fact an independent contractor is performing the work, is not alone enough to allow the owner to evade his duty and liability under the statute. The critical part of the court's opinion in the view of appellants is as follows:

". . . *without reserving any control over the manner of the work or the character of appliances used.* . . ." (Emphasis supplied by Appellants.)

Thus either reservation of control over the manner of the work done or the character of the appliances used may impose liability on a building owner despite the fact the work is being done by an independent contractor. The Indiana Court has spoken on the construction to be applied to this statute, and this court cannot upset that construction.

■ Appellee contends that the affidavits filed by appellant were insufficient to raise any issue. Motions for summary judgment are controlled by § 57 of the Civil Practice Act and Supreme Court Rule 15

(Ill Rev Stats 1963, c 110, par 57 and c 110, par 101.15). Supreme Court Rule 15 provides as follows:

"(1) Affidavits in support of and in opposition to a motion for summary judgment or decree, . . . shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim or defense is based; . . . shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto."

The appellee bases the insufficiency of the counter-affidavits of Murphy on the fact they were not given on the basis of his own personal knowledge, but on hearsay. The counteraffidavits, however, were declaratory of things apparent on the face of the depositions of the Appellant and Harry Kiriluk and these depositions were part of the record. In the recent case of City of Quincy v. Sturhahn, 18 Ill2d 604, 165 NE2d 271 (1960) on page 617, the Court states as follows:

"The statements in the affidavit were declaratory of matters and things apparent on the face of the exhibits. Their authenticity was not denied. Since the affidavit met the requirements of the statute, it was sufficient in law to raise the questions decided on plaintiff's motion for summary judgment."

The second issue raised was whether or not Kiriluk was an independent contractor. Appellant contends this fact could not be determined by the court on a motion for summary judgment. If we proceed on the theory that the trial court found that appellee did not "have charge of," was not "responsible for" and did not "reserve control" over the appliances used, we must presume that the trial court found as

107

a matter of law that Kiriluk was an independent contractor. It is firmly established that such a determination is an issue for the trier of fact to resolve. No contract or agreement was made a part of the pleadings on which the trial court ·could base its decision and no contract was introduced in evidence but was only alluded to during the course of Kiriluk's deposition. Appellee contends that it is immaterial whether or not Kiriluk was found to be an independent contractor by the trial court and thus no triable issue of fact was raised. Appellee reasons that if appellant is an employee, his exclusive remedy is the Indiana Workman's Compensation Act, Burns Ind Stats Ann, 1961, § 40–1206, and that if Appellant is an independent contractor there can be no recovery under the statute involved in this case. Even though the defense of independent contractor is available to the owner of a building, this defense is not absolute and the owner cannot prevail if reservation of control in the owner is shown. (Leet Case, supra.) The depositions on file and the affidavits of Murphy which indicated that appellee held safety meetings to which they gave written notification to appellant's alleged employer; appellees' inspection, after which the scaffold was allowed to be used; the alleged circulating of appellee's safety men around the grounds during working hours, checking on the men and equipment, and the allegations that if appellee's safety standards were not met, the defects were to be corrected or the appliance removed; the allegation that appellant was required to report each day to appellees' safety department, which he did by 'phone; and the allegation that a member of the safety department would come and observe the manner in which the work was performed, were all items to be considered in the determination of the issues of fact.

In the Indiana cases cited by appellee further construing the Indiana Dangerous Occupations Act, the issue of fact involved was whether the owner was an independent contractor for purposes of liability. The sole issue in the instant case is whether a summary judgment was properly entered. The determination of liability may or may not be decided in favor of appellee by the lower court. We only determine here that the entry of a summary judgment in favor of appellee was erroneous, in that an issue of fact was raised, by the affidavits, counteraffidavits and depositions.

The judgment is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

The judgment reversed and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.