Marcus Burch Powell, Plaintiff-Appellee, v. R. J. Ander-
son, Inc., et al., Defendants-Appellants.

Gen. No. 53,513.

First District.

April 17, 1970.

Rehearing denied May 20, 1970.

TRAPP, J., dissenting.

Kriebel and Jorgenson, of Chicago (David L. Jorgenson, of counsel), for appellants.

Gomberg and Sharfman, of Chicago (Robert J. Sharfman and David L. Gomberg, of counsel), for appellee.

MR. PRESIDING JUSTICE CRAVEN delivered the opinion of the court.

R. J. Anderson, Inc., defendant, appeals from a judgment of the Circuit Court of Cook County entered against it on a motion for summary judgment by plaintiff, Marcus Burch Powell. Defendant, a real-estate brokerage corporation, was ordered to pay Powell $3,341.02, representing 50 percent of an installment real-estate commission paid the corporation, and further to pay Powell 50 percent of future installments of the commission as the same are paid defendant.

Plaintiff Powell, a real-estate salesman who had been employed as such by R. J. Anderson, Inc., filed a com-

plaint before the Professional Standards Committee of the Northwest Suburban Board of Realtors, Inc., in a dispute between him and defendant concerning a real-estate commission, and asked the arbitration committee of the Board to settle the dispute and to direct defendant to pay 50 percent of the commission to him.

Defendant filed an answer to the request for arbitration saying, (1) that plaintiff was not the procuring cause of the sale; (2) that plaintiff was never advised he would receive the commission claimed; and (3) that a previous commission paid plaintiff of $5,200, representing 50 percent of the first installment of the commission, was paid him because he was in "difficult financial straits."

The Committee heard the evidence and witnesses produced and reached a decision, finding that plaintiff was entitled to 50 percent of the commission. Defendant appealed the decision to the Board of Directors of the Northwest Suburban Board of Realtors, Inc., contending (1) the Committee misapprehended the acts required to constitute a person as the procuring cause, (2) the decision was against the manifest weight of the evidence, and (3) the Committee did not have authority to hear the dispute because it was a dispute between an employee and an employer. The Board of Directors denied the appeal.

Defendant-corporation refused to comply with the order of the arbitration committee. Thereupon the Board imposed the sanction under its bylaws of dropping defendant's membership in the Board of Realtors.

Powell thereafter filed a complaint in court, consisting of two counts. Count I sought a judgment based upon the proceedings held by the Professional Standards Committee of the Northwest Suburban Board of Realtors, Inc. Count II prayed for judgment on the ground that plaintiff was, in fact, the procuring cause of the sale and en-

3

titled to commission. Defendant filed an answer. As to Count I, defendant denied it submitted to the arbitration proceeding and stated that "said arbitration was specifically conditioned upon the agreement that any decision by the Board was not binding on the parties." As to Count II, defendant denied plaintiff was the procuring cause of the sale.

Plaintiff filed a motion for summary judgment and defendant a motion to deny the motion for summary judgment. These motions were supported by affidavits of Kenneth M. Gunsteens, acting chairman of the Committee, as to certain provisions of the bylaws of the Board of Realtors and as to statements made by the respective parties concerning submission to arbitration. Defendant's motion also was supported by the affidavit of Robert J. Anderson, president of defendant-corporation and codefendant. Defendants also had filed a demand for jury trial in the case.

The court found that the parties had agreed to arbitrate their dispute; that the Committee had heard testimony and rendered its decision; that no application had been made to any court to vacate or modify the award, and more than ninety days had elapsed since a copy of the decision was delivered to defendant-corporation; that defendant's pleadings did not raise the issue that the award of the arbitrator exceeded his power; and that the parties voluntarily submitted their dispute to the arbitrator. Motion for summary judgment was allowed and an order was entered confirming the award, directing defendant-corporation to pay $3,341.02 to plaintiff and one-half of all commission payments and interest received by defendant-corporation subsequent to the order. Motion to vacate the summary judgment order was denied. This appeal follows.

Defendant now raises on appeal the question of the jurisdiction of the realtor committee to hear or determine the matter, the finding that plaintiff was the procuring

cause of the sale, and contends that there is a genuine issue of a material fact which precludes summary judgment.

■ Under section 57 of the Illinois Civil Practice Act (Ill Rev Stats 1967, c 110, par 57), a motion for summary judgment for plaintiff should be allowed and a judgment or decree as sought should be rendered if the pleadings, depositions and admissions on file, together with affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. This statute has been held to require that the right to summary judgment must be clear beyond question. Di Battista v. Centennial Ins. Co., 52 Ill App2d 84, 201 NE2d 466 (4th Dist 1964) ; Solone v. Reck, 32 Ill App2d 308, 177 NE2d 879 (1st Dist 1961).

■ The purpose of the summary judgment procedure is not to try an issue of fact but to determine whether an issue of fact exists. James B. Clow & Sons, Inc. v. Chesterfield Sewer & Water, Inc., 39 Ill App2d 279, 188 NE2d 882 (2d Dist 1963) ; Blonar v. Inland Steel Co., 57 Ill App2d 99, 207 NE2d 124 (1st Dist 1965).

As we view the record in this case, the entire position of defendant revolves around the question of whether the parties agreed to be bound by arbitration. Thus, if there is a genuine issue of a material fact present in this case, it must be the question of whether the parties so agreed to arbitration.

■ ■ There is no claim that the parties submitted the dispute to arbitration in writing as is authorized both by the Uniform Arbitration Act (Ill Rev Stats 1967, c 10, § 101) and the bylaws of the Northwest Suburban Board of Realtors, Inc. However, at common law, a parol agreement to arbitrate a dispute was valid as to any cause of action which did not involve the title to land. Smith v. Douglass, 16 Ill 34 (1854) ; Ross v. Watt, 16 Ill 99 (1854) ; White Eagle Laundry Co. v. Slawek, 296 Ill 240, 129 NE

5

753 (1921); Wisconsin Bridge & Iron Co. v. Missouri-Illinois Bridge Co., 272 Ill App 12, 25 (1933). We find no basis for holding that submission to arbitration cannot be made by parol. However, to be valid, parol submission to arbitration must be clearly established. Koon v. Hollingsworth, 97 Ill 52 (1880).

As a part of the record in this case and attached to plaintiff's motion for summary judgment is a transcription of a tape recording of a portion of the hearing before the Professional Standards Committee. In the transcription, at the outset of the arbitration hearing when the parties were being sworn, they were asked if they would abide by the decision of the Committee in the findings of the case. Plaintiff agreed. Defendant-corporation, through its president, agreed that it would abide by the recommendations of the Committee as to a question of professional ethics but not as to determination of a monetary amount. Defendant, at that time, took the position that the Committee could decide only a question of ethics and impose only the sanction of expulsion from membership in the realtor association. Defendant indicated no objection that the Committee proceed but did not want the corporation to be precluded from the right to have a court decide whether any money sum was due.

Thereafter the transcript shows that the acting chairman of the Committee and the various participants discussed the bylaws of the association and the relative effects upon Powell and the realtor corporation of expulsion from the association because of Powell's dependence for livelihood as a real-estate salesman upon the multiple listing afforded Board members. Also it clearly appears that defendant was informed that the acting chairman was of the opinion that plaintiff was not to be denied arbitration but that defendant had the privilege to withdraw from membership if it did not wish to sub-

mit to arbitration. At this point there was a suggestion that the matter be continued in the hope that the parties might be able to resolve their differences by agreement. However defendant's president thereupon objected, and both he and plaintiff stated that they were willing to proceed. Both parties, at this point, stated that they agreed to be bound by the findings of the Committee. In the due consideration of the whole context of this transcript, the final statements of each of the parties that "I agree to be bound" could mean only that each clearly submitted to binding arbitration.

██ While the affidavits submitted by plaintiff and defendant for consideration on the motions were conflicting in some respects, the trial court was not required to consider defendant's supporting affidavits as true and plaintiff's as false, but to consider the whole of the pleadings, affidavits and transcriptions offered. Gliwa v. Washington Polish Loan & Building Ass'n, 310 Ill App 465, 34 NE2d 736 (1st Dist 1941).

██ The record, considered in the light of the well-considered rules testing a motion for summary judgment, clearly shows that both parties agreed to submit to and abide by arbitration of the dispute between them. Thus there was no genuine issue as to this material fact which disposes of the entire controversy. The judgment of the trial court was correct. That judgment is affirmed.

Judgment affirmed.

SMITH, J., concurs.

TRAPP, J., dissents.

TRAPP, J., dissenting:
The majority opinion determines that there was a parol agreement to arbitrate. An oral agreement to arbitrate

7

must be clearly established. Koon v. Hollingsworth, 97 Ill 52.

This record does not support the requisite clear oral agreement of the parties to arbitrate the dispute at issue. Throughout several pages of colloquy between the parties and the committee, defendant insisted on preserving his right to litigate the fact of indebtedness. The record shows that the defendant agreed to be bound by the discipline of the Bylaws through the operation of the Ethics Committee, i. e., that the defendant might be subject to expulsion from the Board. There is extended discussion of the fact that such expulsion would injure the plaintiff as an employee, but that such discipline would not affect the defendant in the conduct of his own business. In the context of the extended discussion concerning defendant's right to litigate, and the effect of expulsion from the Board, the record does not support the view that the defendant reversed his position in the one sentence quoted by the majority. Defendant's last recorded statement prior to the words now taken to be controlling was that there had been a fair settlement.

This view is sustained by the affidavit of one Gusteen, who chaired the meeting, which specifically states the understanding of all parties participating to be that there was a reservation of right in either the defendant or plaintiff to litigate the dispute concerning the commission. Again, it is significant that there is no pretense that the reported procedures complied with either the Bylaws of the Board relating to arbitration, or the statute, c 10, § 101, Ill Rev Stats 1967.