Pittsburg, Cincinnati, Chicago and St. Louis Ry. Co.

*v.*

Walter T. Haley.

*Opinion filed December 22, 1897.*

1. Parent and child—*parent has no implied authority to compromise minor child's cause of action.* A parent has no implied authority, by reason of the existence of the parental relation, to compromise and settle a minor child's cause of action.

2. Infants—*next friend cannot settle infant's cause of action without leave of court.* One appointed by the court as next friend of an infant, or recognized by the court as acting in that capacity, has no power to settle the infant's cause of action without leave of court.

3. Same—*when equity will set aside judgment for damages in favor of minor—res judicata.* A judgment for $125 against a railroad company in favor of a minor child, as damages for the loss of a leg, will be set aside in equity at the suit of the minor and held not to bar a subsequent suit, where it appears that the judgment was entered in pursuance of an agreement between an attorney for the company and an attorney assuming to act for the minor that the cause of action be compromised and judgment entered for the agreed amount.

*P., C., C. & St. L. Ry. Co.* v. *Haley,* 69 Ill. App. 64, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Farlin Q. Ball, Judge, presiding.

This was a bill in chancery by the appellee, a minor, who sued by his next friend, to set aside as null and void a judgment in the sum of $125 entered in his favor near ten years before, against the appellant company, as for the damages sustained by the said minor complainant for the loss of his right leg through the negligence of the appellant company.

The bill alleged that complainant is a minor, and on or about May 26, 1885, had his right leg cut off by and through the negligence of the defendant, and that on July 6, 1893, he instituted a suit, by his next friend, in the Superior

Court of Cook county, against the appellant company, to recover damages for said injury; that during the progress of said suit it was developed the appellant company claimed that his right of action to recover such damages had been adjudicated in an alleged prior action, resulting in a judgment in the circuit court of Cook county entered on the 15th day of July, 1885, in the sum of $125 in his favor, and that it appeared from the records of said court such judgment had been rendered and that the same had been entered satisfied; that said suit or action in which said alleged pretended judgment was rendered was not authorized by said minor plaintiff, nor by the party whose name was used in such proceeding as his next friend, nor by any one acting in his behalf, nor was the institution of the suit, the entry of judgment or the satisfaction thereof known or authorized by the said complainant or the party alleged to have represented him in the said suit as next friend, nor did he or the said next friend make, authorize to be made or know of any agreement for the institution of the said suit, the rendition of the said judgment or the entry of satisfaction thereof, but that the said suit was a fictitious proceeding, the result of a fraudulent conspiracy between an attorney who assumed to appear as attorney for the plaintiff in the said suit, but who was in fact acting in the interest of the appellant company, and certain representatives of the company, who conspired together and agreed to fraudulently procure of record what they designed should operate as a judgment and bar complainant's right of action for the injury so sustained.   The prayer of the bill was that the said judgment should be declared null and void and set aside as in no way binding upon complainant.

The defendants answered the bill, in effect denying all of its allegations, and alleging that the suit which resulted in the judgment was a regular and valid proceeding instituted by the plaintiff, by his next friend, and lawfully conducted without fraud, and that the judgment was a final

adjudication of the complainant's claim for damages. Replication was filed and the cause submitted to and heard by the court upon testimony heard in open court. The court entered a decree granting the complainant the relief prayed, which decree was affirmed by the Appellate Court on appeal, and the appellant brings the record here for review by further appeal from the judgment of the Appellate Court.

George Willard, for appellant.

Case & Hogan, (A. W. Browne, of counsel,) for appellee.

Mr. Justice Boggs delivered the opinion of the court:

The sole question arising on this record is whether the findings and decree of the court are supported by the proofs. We have carefully read and considered the evidence and think the decree should be affirmed. Upon many points the evidence was directly conflicting, and the ascertainment of the truth as to such disputed points depended largely upon the credibility of the different witnesses and the weight that ought to be given their testimony. The chancellor saw the witnesses and heard them testify, and therefore had superior opportunity to judge as to their reliability and truthfulness and as to the weight which ought to be accorded to their testimony. Aside from this, it appeared from the testimony on behalf of the appellant, the suit was instituted upon the prior agreement of an attorney assuming to represent the minor plaintiff, or the mother of the minor, that the claim of the plaintiff should be compromised by the payment of the sum of $125, and that the compromise or settlement should be carried into effect by filing a declaration and securing the entry of judgment for that sum and the satisfaction of record thereof, and that the proceedings in court were perfunctory, and but for the purpose of attempting to give valid-

ity to the settlement of the right of the plaintiff to recover damages. We think the court was justified by the evidence in concluding that neither the minor complainant nor his mother, whose name was used in said pretended legal proceeding as his next friend, authorized such action to be instituted or had any knowledge that it was pending in court.

The bill charged that the summons was issued and the declaration, plea and replication filed on the same day the judgment was entered, and we find no denial of such allegations in the answer. It appeared also in the evidence that the declaration was filed at the request of the representative of the appellant company, and that such representative agreed with the attorney who filed the same that he would pay the fee for his services. The chancellor was amply justified in regarding the proceedings in the court as but formal, and as intended solely to employ the functions and powers of the court to give validity to the prior agreement of the representative of the company and the attorney who assumed to be the representative of the minor plaintiff and his mother.

The evidence also warranted the view neither the minor plaintiff nor his mother agreed to settle the claim, or authorized such attorney to make any settlement of the claim, of the plaintiff. Moreover, the plaintiff, being a minor, would not be bound by any agreement made with him, nor had his mother, by reason of the parental relation, any legal right to compromise and settle his right of action. When the alleged settlement was made the mother of the plaintiff had not been appointed or recognized by the court as his next friend, and had no power to act or bind him in that capacity. Had she been appointed to prosecute the suit as next friend of the infant or recognized by the court as acting in that capacity, she would have had "power to claim and pursue the rights of the infant and powerless to yield or cede it to others," (*Chicago, Rock Island and Pacific Railroad Co.* v. *Kennedy*, 70

Ill. 350,) and would have had no power to make settlement of the demand of the infant except by leave of the court. *Tripp* v. *Gifford*, 29 N. E. Rep. (Mass.) 208.

It does not appear the case was settled by leave of the court, but the record purports to show it was submitted to the court for trial and decided. The chancellor correctly held the appellee was not concluded by the alleged settlement or compromise of his claim, or by the judgment procured to be entered in pursuance of such agreement.

The decree of the Superior Court and the judgment of the Appellate Court are affirmed.

*Judgment affirmed.*