Lillian Dawn Gaskill, Guardian of the Estate of John Elmer Duff, a Minor, Appellee, v. Ignatius Nesselroth and Rose Nesselroth, Appellants.

Gen. No. 38,030.

494

Opinion filed November 20, 1935.

JAMES H. CHRISTENSEN, of Chicago, for appellants.

DEMING, JARRETT & MULFINGER, of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment entered in the municipal court for the sum of $5,042.15, in favor of the plaintiff and against the defendants. The suit in this case was brought by a guardian for the benefit of her minor, John Elmer Duff. To the affidavit of claim filed by the plaintiff there was filed an affidavit of defense by the defendants, setting forth among other things that the plaintiff had no power or right to declare the principal note due; that plaintiff had no right to commence the suit; that defendants had an agreement with plaintiff's lawyer to extend the time, etc., and that receiving interest at times other than that

specified in the note amounted to a variance of the terms of said principal note and further that no demand had been made upon them or notice given to require defendants to pay the interest; that the notes are secured by a trust deed as a first lien upon the real estate and that the real estate is ample security for the indebtedness.

The first affidavit of merits was stricken on motion of the plaintiff and 10 days given the defendants within which to file an amended affidavit of merits. The amended affidavit of merits contained no different defense than that set forth in the original affidavit of merits, and on motion of the plaintiff, it was stricken and judgment by default entered against the defendants.

Defendants' defense seems to be based upon a rather novel theory. He contends:

"1. That after condition broken the minor became the owner in fee of the real estate securing the notes in suit, and such notes embrace an interest in a minor's real estate on which suit may be maintained only in the minor's name by his guardian or next friend upon approbations of the Probate Court first had.

"2. That after condition broken as between the mortgagor and mortgagee, the fee to the security is in the latter; that under the law and terms of the note and trust deed, only the minor by his guardian or next friend, on approbation of the Probate Court, could accelerate the maturity of the debt by demand and notice or suit.

"3. That a guardian has no power to substitute a judgment, or compound for the debt, evidenced by the notes, without the approbation of the Probate Court first had.

"4. That plaintiff's promise not to sue, or to accelerate the maturity of the note, after condition broken, before maturity, without notice and demand for

that purpose, was on valid consideration, but consideration is not necessary.

"5. That plaintiff by accepting interest in amounts and at times varying from the terms of the notes and trust deed, and by promise to do so, without suit, until maturity of the principal note, extended the unpaid interest to maturity of the principal note and waived the interest default terms of the notes and trust deed until such maturity.

"6. That the statement of claim shows the action to be on a mortgage debt, owned by a minor, after condition broken, and it was error to enter judgment without the court first appointing a guardian *ad litem*."

As to point 1, where a note is secured by a trust deed, the debt is the primary thing and the mortgagee is not confined to the land for payment of the debt. He may elect to sue on the note, foreclose the mortgage lien, or file suit in ejectment. *Lucas v. Harris,* 20 Ill. 165; *Vansant v. Allmon,* 23 Ill. 30.

As to points 2 and 3, Cahill's Ill. Rev. Stats. 1933, on Guardian and Ward, chapter 64, section 17, authorizes the guardian to sue in his own name without leave of the probate court. *Independent Order of Mutual Aid v. Stahl,* 64 Ill. App. 314; *Muller v. Benner,* 69 Ill. 108. It was the intention of the statute to give the guardian full power to protect the rights of his ward. It is only where the guardian intends to compound a debt, thereby causing a possible loss to the minor, he must first secure approval of the probate court. *Princeton Loan & Trust Co. v. Munson,* 60 Ill. 371; *Hoodless v. Reid,* 112 Ill. 105.

As to points 4 and 5, regarding the promise not to sue and varying the terms of the note by accepting money at times other than the due date, the statute, section 17, chapter 64, Cahill's Ill. Rev. Stats. 1933, forbids the compounding of demands due the ward without the consent of the probate court.

As to point 6, we again refer to the above statute which provides that when a guardian is appointed he shall look after the interests of his ward in every way. The appointment of a guardian *ad litem* was not necessary.

When judgment is entered on a note it is not a change in the rights of the owner of said note, it is merely a change in the form of the debt. *Wayman v. Cochrane,* 35 Ill. 152; *Flower v. Elwood,* 66 Ill. 438.

Complaint is made that the court erred in striking the affidavits of merits filed. Rule 61 of the municipal court reads as follows:

"Rule 61. *Particulars to Be Given When Necessary.* In all cases in which the party pleading relies on any misrepresentation, fraud, breach of trust, wilful default, or undue influence, and in all other cases in which particulars may be necessary, particulars with dates and items, if necessary, should be stated in the pleading."

Note 3 under said rule reads:

"Note 3. *Agreement.* An agreement should not be alleged in general terms. It is not enough to state merely, 'It was agreed between the plaintiff and defendant that, etc.' The pleading should state the date of the alleged agreement, the names of all parties to it, whether it was made verbally or in writing, in the latter case identifying the document."

The affidavit of defense filed by defendants did not comply with the above rule and, consequently, the court committed no error in striking it and entering judgment.

We have carefully considered the points made by the defendants and we are of the opinion that no harmful error was committed by the trial court. Consequently, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.