**H. W. Schmidt, Plaintiff-Appellant, v. Massey-Ferguson Company, a Corporation, Defendant-Appellee, and Frank Venus, d/b/a Venus Implement Company, Defendant.**

Gen. No. 67–121.

Fifth District.

July 18, 1968.

Rehearing denied August 10, 1968.

Jack Williamson, of Vienna, for appellant.

R. Corydon Finch, of Anna, for appellee.

GOLDENHERSH, J.

Plaintiff appeals from the judgment of the Circuit Court of Massac County entered in favor of defendant, Massey-Ferguson Company, a corporation, hereafter called Massey-Ferguson, upon allowance of its motion for summary judgment.

In his complaint, plaintiff alleges that defendant, Frank Venus, hereafter called Venus, doing business as Venus Implement Company, was the agent of Massey-Ferguson, that Venus, and as agent for Massey-Ferguson, entered into a contract with plaintiff to sell him a certain tractor to be delivered "at the request of plaintiff," that plaintiff was given a trade-in allowance on a tractor which he traded in, and gave defendants his check for the balance, defendants took the used tractor into their possession, plaintiff made demand upon defendants to deliver the new tractor to him, defendants have failed to do so, and have failed and refused to pay to plaintiff the value of the used tractor and repay the money which he paid.

Defendant, Massey-Ferguson answered, denying the agency and the other allegations of the complaint, except that it admitted a request for delivery of a new tractor was made by an attorney purporting to represent plaintiff.

Simultaneously with the filing of its answer, defendant filed a motion for summary judgment supported by the affidavit of the Regional Finance Supervisor of its Springfield, Illinois, Branch office. Attached to the affidavit is a document captioned "Dealer Sales Agreement" which sets out the terms of an agreement between Massey-Ferguson and Venus, and which the affiant states evidences "the only contractual relationship" existing between the defendants. The "Dealer Sales Agreement" contains the following provision:

"That it (Venus) is not and shall not represent itself to be Company's (Massey-Ferguson's) agent for any purpose and shall not incur any obligation or make any promises or representations on Company's (Massey-Ferguson's) behalf."

Plaintiff filed no counteraffidavit, the motion for summary judgment was allowed, and this appeal followed.
■■■ In Harp v. Gulf, M. & O. R. Co., 66 Ill App2d 33, at page 38, 213 NE2d 632, this court said: "The purpose of summary judgment proceedings is to determine whether there is any genuine triable issue of fact which must be passed upon. Gribben v. Interstate Motor Freight System Co., 18 Ill App2d 96, 151 NE2d 443. If the pleadings, discovery depositions and exhibits, present a genuine issue as to any material fact, summary judgment should not be granted. Halloran v. Belt Ry. Co. of Chicago, 25 Ill App2d 114, 166 NE2d 98. The right of the moving party to summary judgment must be free from doubt. Miller v. Owens-Illinois Glass Co., 48 Ill App2d 412, 199 NE2d 300. The affidavits filed in support of a motion for summary judgment will be strictly construed

and must leave no question of the movant's right to judgment, but the affidavits filed in opposition thereto will be liberally construed. Tansey v. Robinson, 24 Ill App2d 227, 164 NE2d 272."

██ Plaintiff contends that the affidavit in support of defendant's motion does not suffice to sustain the judgment because it consists of conclusions, and not facts. We agree. The statement in the affidavit that the agreement is the only contractual relationship between the parties, is a conclusion, and not a statement of fact. Furthermore, the complaint charges "that the defendants took the used tractor into their possession," and this allegation is not denied in the motion or supporting affidavit. If the defendants, in fact, took possession of the tractor, the existence of an implied agency is not here negated, and if Massey-Ferguson retained possession of a tractor taken by Venus, such retention might be ratification of Venus' act.

Under the pleadings, failure to prove a principal-agency relationship between the defendants does not necessarily preclude recovery on plaintiff's part. It cannot be determined from the pleadings, motion, affidavit and supporting document that a specific, new tractor did not in fact exist, in which plaintiff might claim rights superior to those of Massey-Ferguson, based on the "floor plan" provisions of its contract with Venus.

In Louis v. Barenfanger, 81 Ill App2d 104, at page 110, 226 NE2d 85, this court said, "The Civil Practice Act provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. (C 110, § 33(3), Ill Rev Stats 1965.) In Miller v. DeWitt, 37 Ill2d 273, 226 NE2d 630, in reviewing the trial court's ruling in dismissing a third-party complaint, the Supreme Court, speaking through Mr. Justice Underwood, said at page 287, 'The trial court should not have dismissed the third-party complaint unless it appears from the pleadings that in no event would the architects have an action

371

over against the contractor.' We understand this language to hold that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved under the pleadings, which will entitle the plaintiff to recover."

Similarly, a motion for summary judgment should be denied, unless after a ruling on the motion, favorable to the proponent, there remain in the case no fact issues which, decided favorably to the opponent of the motion, will entitle him to relief.

On the record here presented, the trial court erred in allowing the motion for summary judgment, and the judgment is, therefore, reversed and the cause remanded to the Circuit Court of Massac County with directions to deny the motion for summary judgment, and for further proceedings consistent with this opinion.

Judgment reversed and cause remanded with directions.

EBERSPACHER and MORAN, JJ., concur.