**Lois A. Morris, Plaintiff-Appellant, v. Margaret Anderson, Defendant-Appellee.**

**Gen. No. 52,740.**

First District, Fourth Division.

February 25, 1970.

Rappaport, Clorfene & Rappaport, of Chicago (Hamilton Clorfene, of counsel), for appellant.

Thomas C. Velasco, of Glenview, for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

This is an appeal from a summary judgment. The issue is whether grant of the summary judgment to defendant was proper.

Plaintiff is a licensed real estate broker. Her amended complaint alleged that on August 18, 1962, she told defendant that she could find a purchaser for defendant's property at 6011 North Winthrop, Chicago, and one adjoining it, to permit construction of an apartment building on the two properties; that defendant agreed to sell for $39,500 and pay plaintiff a broker's commission of 6% on the selling price; that on July 30, 1965, plaintiff sent a real estate contract to defendant with an offer for the sum of $37,000, but defendant was indecisive about accepting or rejecting the offer; that on February 21, 1966, plaintiff obtained an offer of $50,000 for defendant's property, and an offer of $50,000 for the adjoining property which the owner accepted, the offers being contingent on the ability of the purchaser to buy both properties; that defendant breached her agreement to sell, after plaintiff procured a purchaser who was ready, willing and able to pay the sum of $50,000; that as a result of defendant's breach, plaintiff lost brokerage commissions on both pieces of property, to her damage in the sum of $6,000.

Defendant answered. She admitted that plaintiff was a licensed real estate broker. She denied every other material allegation. In the alternative, defendant pled that even if she had agreed to sell her property as alleged, there was not performance sufficient to entitle plaintiff to a commission. With regard to the offer dated July 30, 1965, for the sum of $37,000, defendant pled that if the offer was made, it was not sufficient to entitle plaintiff to a commission under the terms of the alleged oral agreement. Concerning the offer of February 21, 1966, for $50,000, defendant pled that this

offer was not made in accordance with the terms of the alleged agreement; therefore, plaintiff was not entitled to recover a commission from defendant. To the answer, defendant attached as an exhibit a document which she said, on information and belief, was the offer of February 21, 1966.

Defendant filed a motion for summary judgment containing three paragraphs. The first, by way of introduction said "[T]hat no triable issue of fact is presented from the pleadings . . . ." The second repeated the substance of the answer and stated that the $37,000 offer described in plaintiff's amended complaint was not within the terms of the alleged oral agreement. The third paragraph stated that the offer of $50,000 was not a *bona fide* offer within the terms of the oral agreement alleged by plaintiff. Defendant stated that the offer contained terms and conditions which were completely outside the alleged oral agreement. She referred to the document appended to her answer. Defendant's affidavit recited that on or about February 18, 1966, plaintiff submitted to her the real estate contract which was attached to the answer; but at no time "[h]as affiant had any communication with Alba Co., (the proposed buyer) or any agent or officer thereof, with regard to this document or any matter whatever."

Plaintiff filed a counteraffidavit in which she said the offer of $50,000 was *bona fide;* that the defense interposed in the motion for summary judgment was an afterthought of defendant after she changed her mind and unconditionally refused to sell her property. Plaintiff alleged that after submission of the offers described in the amended complaint, defendant refused to sell her property "[a]nd would give as her reason that it was private business . . . ." Plaintiff alleged that defendant made no objection to any provision of the offers; that the contentions concerning the terms and conditions of the offers are barred because under Illinois law defend-

171

ant's conduct estopped her from raising these contentions as defenses.

The court, on the motion for summary judgment, entered an order which found:

> 1. That the purported performance alleged in the Amended Complaint of LOIS A. MORRIS, even if the agreement and such purported performance be proved, is insufficient as a matter of law, to entitle plaintiff to recover of defendant the relief sought;
> 2. That the motion for summary judgment should be sustained; . . . .

■ One of the issues formed by the complaint and answer was whether the parties had entered into any contract. This was an issue of fact. Rowland v. Records, 43 Ill App 198; International Glass Co. v. Krouse, 282 F 206 (3rd Cir 1922). If, on resolution of this factual issue it is proved the parties did enter into a contract, whether there was performance would depend on the terms of the contract proved. When a contract is in dispute, and its terms are at issue, questions concerning performance are questions of fact. Ordinarily, the determination of what constitutes substantial performance of a contract is an issue of fact. Sampson v. Marra, 343 Ill App 245, 98 NE2d 523.

■ Defendant's motion for summary judgment did not change what were issues of fact to issues of law. The allegations in defendant's motion that the $37,000 offer was not within the terms of the agreement only emphasized the factual dispute between the parties. Defendant's allegation that the $50,000 offer was not *bona fide* further intensified the factual dispute. *Bona fide* means good faith. Whether a person acted in good faith in a certain transaction is ordinarily a question of fact. See, Nofree v. Leonard, 327 Ill App 143, at 152, 63 NE2d 653; and cf. Hoyt v. Duluth & Iron Range R. Co., 103 Minn 396, 115 NW 263, at 264 (1908).

The allegation in defendant's affidavit that she had no communication from the proposed purchaser was refuted by the exhibit attached to defendant's answer. The fact that defendant had a contract purportedly signed by a proposed buyer was proof that she had received a communication concerning that potential buyer's interest in the transaction. Whether there was a proposed buyer, whether the contract was signed by the authorized person, and many others, were questions of fact. Thus, defendant's affidavit which purported to support her motion for summary judgment raised additional factual questions.

██ The purpose of a summary judgment proceeding is to determine whether issues of fact exist between the parties. Simaitis v. Thrash, 25 Ill App2d 340, 166 NE2d 306. If the proceeding discloses issues of fact, the motion for summary judgment must be denied. Gribben v. Interstate Motor Freight System Co., 18 Ill App2d 96, 151 NE2d 443.

█ The record before us discloses issues of fact. Therefore, the trial court erred when it granted defendant's motion for summary judgment. Ferro v. Daros, 333 Ill App 386, 77 NE2d 566. The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STAMOS, P. J. and DRUCKER, J., concur.