LEWIS GREENSTEIN, Plaintiff-Appellant, *v.* JUANITA V. NOGLE, Defendant-Appellee.

(No. 11580;

Fourth District—May 24, 1972.

Summers, Watson & Kimpel, of Champaign, for appellant.

Phillips, Phebus, Tummelson & Bryan, of Urbana, (Hurshal C. Tummelson and Joseph W. Phebus, of counsel,) for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff-Appellant, Lewis Greenstein appeals from the order of the trial court which granted the motion of Defendant-Appellee, Juanita Nogle, to strike and dismiss Plaintiff's Complaint.

On October 29, 1968, Alan H. Greenstein, minor brother of the plaintiff, was riding a motorcycle which belonged to the Plaintiff. Alan was involved in an accident with a car driven by the defendant, Juanita Nogle; he sustained injuries and the motorcycle was damaged.

Thereafter, Alan H. Greenstein, by Orie Greenstein, his father and next friend, brought suit in the Circuit Court of Champaign County. The file mark of the Clerk is illegible but we gather that the Complaint was filed in December, 1968. The docket number assigned to the cause was 68-L-1083. The Complaint in cause 68-L-1083 recited that Alan was operating a motorcycle and contained various allegations of alleged negligent conduct on the part of the driver of the car, Juanita Nogle. The *ad damnum* was in the amount of $150,000.00, and the Complaint alleged personal injuries, medical expenses, pain and suffering, "and the property of the Plaintiff was greatly and severely damaged." The only item of property specifically mentioned in the Complaint was the motorcycle. Plaintiff's attorney, in cause 68-L-1083, (the same attorney who represents the plaintiff in the case here on review) then filed, in cause 68-L-1083, a pretrial memorandum. In this memorandum, which appears to be a form promulgated by the Court, paragraph 4 directs "In tort cases, plaintiff * * * shall furnish the following information." The information called for is itemization of special damges, and on the pretrial memorandum filed by plaintiff's attorney appears the following  so far as relevant to the decision here: (The emphasized language distinguishes plaintiff's attorney's responses from the printed form questions.)

"(b) Names of all attending or examining physicians with their respective bills:
*Dr. Russo and other doctors, Christie Clinic, estimated $200.00; Dr. Thomas Kelso, $200.00 to date; Dr. R. F. Heimburger $455.00 to date; Dr. R. E. Lindseth to date, est. $250.00.*

(c) Names of hospitals and their bills: *Mercy Hospital $216.65; Indiana Medical Center $2727.50 to date.*

(f) Out-of-pocket expense: *Arrow Ambulance $120.00; Medicines $184.87 to date;*

(g) Property damage: *Bro. Lewis' motorcycle $850.00; Parents expenses and care $3393.65.*

(i) Total liquidated damages: *$8347.57 to date.*"

We excused the filing of abstracts or excerpts of the record. In the

copies filed the contents of the Pre-Trial Memorandum are totally illegible. In the original record, following the name of Dr. Heimburger are small, handwritten figures which are illegible. We assumed Dr. Heimburger's bill to be in the sum of $455.00 since that figure, together with the other itemizations, yields the total $8347.57.

We note that the motorcycle was included under the property damage claims in sub-paragraph (g) above, and also in the total liquidated damage claim in sub-paragraph (i) above.

The parties then, over a period of time, negotiated a settlement of the plaintiff's claims in cause 68-L-1083 for the total sum of $33,000.00. The settlement was approved by the Court, the Guardian executed a release dated June 15, 1970, and the cause was dismissed with prejudice.

On January 26, 1971, plaintiff-appellant Lewis Greenstein, the owner of the motorcycle in question, filed a Small Claim Complaint against defendant-appellee, Juanita Nogle, seeking to recover for the damages to the motorcycle. Defendant, appearing by the same attorney who had represented her in cause 68-L-1083, responded with a Motion for Involuntary Dismissal of the Small Claims Complaint under Section 48 of the Civil Practice Act urging that the claim had been released and satisfied of record. Defendant attached to the motion a copy of the Complaint in cause 68-L-1083, a copy of the pretrial memorandum filed by the plaintiff in that cause and a copy of the guardian's release. Plaintiff filed a Motion to Strike defendant's Motion for Involuntary Dismissal on the ground that it was neither verified nor supported by affidavit as required by the statute. Defendant's attorney then filed his personal affidavit in support of the motion. This affidavit stated that the copies of the exhibits attached to the motion were true and correct copies of the originals on file in cause 68-L-1083, that he was not aware that the claim now made for damage to the motorcycle was not included in the claim of the plaintiff in cause 68-L-1083, and that the pleadings and pretrial memorandum filed in that cause by plaintiff's attorney had been accepted by him as true on their face.

Plaintiff then filed objections to defendant's Motion for Involuntary Dismissal. The thrust of the objections is that the plaintiff, Lewis Greenstein, was not a party in cause 68-L-1083, that the Complaint filed in that action did not describe any property of Lewis Greenstein, that the pretrial memorandum " * * * does not purport to be anything other than a listing of the extent of the damage done in the collision in question and shows that the property consisting of the motorcycle was recited as being the property * * * " of Lewis Greenstein. Also that the release purports to be only a release of an action for

injuries suffered by Alan Greenstein. Plaintiff's attorney attached his personal affidavit in support of the objections. The affidavit states that he was plaintiff's attorney in cause 68-L-1083, that the matters set forth in the objections are true, that Alan Greenstein sustained " * * * property damage to his clothing and apparel" that affiant drafted the Complaint in cause 68-L-1083 " * * * and it was not intended at any time that the motorcycle of Lewis Greenstein was to be a part of the recovery or damages sought in cause number 68-L-1083." The affidavit further declares that the pretrial memorandum did not purport to include the property of Lewis Greenstein as a part of the claim of Alan Greenstein and that the attorney for the insurance carrier defending that action, and the company's adjuster, James Withrow were " * * * fully aware of the fact that the damaged motorcycle of Lewis Greenstein was not included in or a part of the claim of Alan H. Greenstein * * * ." The affidavit also recites that Withrow had been negotiating with " * * * Lewis Greenstein by way of his parents * * * " toward settlement of the motorcycle damage at the time that Alan's case was negotiated to settlement, and that the settlement of Alan's case " * * * did not include and was not intended to include the damage to Lewis' motorcycle.

Defendant then filed the affidavit of the insurance adjuster Withrow. Withrow recited that he had discussed the collision with Orie and Helen Greenstein, parents of Alan and Lewis. That he negotiated with them until the filing of the Complaint in cause 68-L-1083, that he never discussed settlement with them again after the Complaint was filed nor with their attorney. That he had no further contact with the case after suit was filed and therefore was not aware that the damaged motorcycle was not a part of the claim of Alan Greenstein.

The Court heard oral arguments, took the matter under advisement, received a brief from plaintiff, and subsequently allowed defendant's Motion for Involuntary Dismissal with no written opinion nor reasons stated for the ruling.

Plaintiff contends that the magistrate committed reversible error by granting the motion in question without conducting an evidentiary hearing on the merits, and in support of the proposition that the trial court had "no power to weigh evidence solely by way of affidavits and if there is a factual dispute, alleged, evidence must be heard on trial and a verdict rendered" cites *Chapman v. Huttenlocher*, 125 Ill.App.2d 39, 46, 259 N.E.2d 836.

Defendant did not respond to this issue in her brief, such response might have been helpful. We do not know, for example, whether de-

fendant would urge that no disputed question of fact is raised by the motion, the exhibits attached, the affidavits and counter-affidavits, nor do we have defendant's view of the legal principles involved in a Section 48 proceeding.

In *Chapman* the defendant had asserted, in a motion to dismiss under Section 48 of the Civil Practice Act (Ill. Rev. Stat. 1963, ch. 110, sec. 48(1)(e) ) that plaintiff's complaint was barred by the statute of limitations. Affidavits and counter-affidavits had been filed. The parties had waived the jury. The trial court denied the motion, without prejudice, and noted that a disputed question of fact was raised by the affidavits. Later the trial court considered the motion in an evidentiary hearing on the merits, and found in favor of the defendants. At page 46 of the opinion the Court stated, "The affidavits supporting the motion must allege or establish facts which will authorize the Court to find that the motion is well founded in fact. If a material and genuine disputed question of fact is raised, the Court must decide the motion only after considering the affidavits and taking evidentiary testimony offered by the parties upon a hearing, in a nonjury case. Section 48(3) of the Civil Practice Act (Ill. Rev. Stat. 1963, ch. 110, sec. 48(3) ). We know of no better method whereby the parties can fully present the issues." *Chapman, supra,* goes on to say, "Where such motion is addressed to the Court and a jury demand has been made, the issues should be tried and determined by a jury prior to and separate from the trial of the issues in the cause of action pleaded."

Plaintiff also cites *Schmidt v. Massey-Ferguson Co.*, 96 Ill.App.2d 368, 239 N.E.2d 311, but this case is not squarely in point because it deals with motions for summary judgment *not* with motions under Sec. 48. The same is true of *Morris v. Anderson*, 121 Ill.App.2d 169, 259 N.E.2d 601; *Powell v. Anderson*, 124 Ill.App.2d 1, 260 N.E.2d 103 and of *Lumberman's Mutual Casualty Co. v. Poths*, 104 Ill.App.2d 80, 243 N.E.2d 40, cited by plaintiff.

Chapter 110, sec. 48, Ill. Rev. Stat. 1971, provides for involuntary dismissal "* * * based upon certain defects or defenses." Defendant here proceeded under sub-paragraph (f) which provides for dismissal if the claim or demand set forth in the plaintiff's pleading has been released, satisfied of record or discharged in bankruptcy.

Section 48 provides that if any of the grounds upon which the defendant relies do not appear on the face of the pleading attached, (here the Complaint) the motion " * * * shall be supported by affidavit:" In this case, of course, the grounds relied upon by defendant do not appear upon the face of the Complaint. Paragraph (3) of Section 48 establishes the authority of the trial judge and the procedure to be

followed in dealing with the motion. It provides that if a material and genuine disputed question of fact is raised the Court may decide the motion upon the affidavits *and evidence offered by the parties,* or it may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and *shall* so deny it if the action is one at law and a jury has been demanded by the opposite party.

■■ It is clear that the Court may *not* weight the evidence contained in the affidavits and counter-affidavits, if a material and genuine issue of fact is raised, and deny a hearing on the merits of the question before the Court, or the jury if jury demand has been made by the opposite party. In this respect, a proceeding under Section 48 is similar to the rules applicable to Motions for Summary Judgment wherein genuine issues of material fact are raised by the affidavits and counter-affidavits. In his memorandum of authorities and written argument addressed to the Court, plaintiff repeatedly urged that the magistrate had no authority, under the provisions of Section 48, *supra,* to weigh disputed questions of fact raised by the affidavits, and that he was entitled to a hearing on the merits; and if material questions of fact are raised it is clear that he is so entitled.

■■ Disputed questions of fact material to the resolution of the Section 48 motion are raised. The attorneys who negotiated the settlement of the claim in cause 68-L-1083 are at opposite poles as to whether they negotiated a settlement of the damages to the motorcycle belonging to Lewis Greenstein. In their respective affidavits one says "Yes", the other says "No". One attorney says, in his affidavit that James Withrow, adjuster for defendant's insurance carrier, was separately negotiating the settlement of the claim for damages to the motorcycle when the settlement is cause 68-L-1083 was made. Withrow's affidavit denies this. One attorney, in his affidavit says the other had knowledge that the motorcycle claim was not negotiated to settlement in cause 68-L-1083, the other takes a completely opposite view in his affidavit. The pretrial memorandum lists the motorcycle damage as an element of the claim and it is included in the total liquidated damage figure. The guardian's release refers to the "Petition for Authority to Settle Action for Injuries to  *  *  *  Alan H. Greenstein  *  *  *  ", and to the order of the Court authorizing the guardian to compromise and settle "  *  *  *  the said action for injuries  *  *  *  " and releases the defendant Nogle and her insurer "  *  *  *  from any liability as a result of the injury to Alan H. Greenstein  *  *  *  ." There being material disputed questions of fact, the order of the trial court allowing defendant's Motion for Involuntary Dismissal must be reversed.

The order of the Court dismissing the Complaint is reversed, and the

cause remanded with directions to afford plaintiff a hearing on the merits on the issue raised by the Motion for Involuntary Dismissal.

Reversed and remanded.

TRAPP, P. J., and CRAVEN, J., concur.