EARLINE CARLSON, Plaintiff-Appellee, *v.* PRESTIGE CASUALTY COMPANY, Defendant-Appellant.

(No. 60467;

First District (5th Division)—May 9, 1975.

Greenberg, McCarthy & Riley, of Skokie (Kelly Kappler, of counsel), for appellant.

Byron P. Finegan, of Des Plaines, for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from a summary judgment granting the registration of a Missouri judgment under the Uniform Enforcement of Foreign Judgments Act. (Ill. Rev. Stat. 1973, ch. 77, par. 80 *et seq.*) It contends that the judgment was improper because (1) the Missouri court rendering the judgment had no jurisdiction; and (2) aside from the jurisdiction question, issues of material fact existed at the time judgment was entered.

Plaintiff was issued a policy of insurance by defendant. It is undisputed that, at the time of issuance, both parties were Illinois residents and that, although the policy was entered into in Illinois, plaintiff subsequently moved to Missouri where she was involved in a motor vehicle accident. Under Missouri law[1], she was required to furnish proof of financial responsibility. Accordingly, she requested that defendant certify the existence of her policy, which defendant did. In doing so, however, defendant (as a nonresident insurer) also was required to and did execute a power of attorney authorizing the Missouri Director of Revenue to act as its agent for service of process "in any action arising out of a motor vehicle accident in the State of Missouri." Mo. Ann. Stat. § 303.180, subd. 1(1) (Vernon 1953).

Plaintiff then sued defendant in Missouri, seeking recovery under the policy for medical expenses incurred by plaintiff in the motor vehicle accident in that State. Service of process on defendant was made on the Missouri Director of Revenue as its agent in that State, under the aforesaid power of attorney. Defendant failed to answer, and a default judgment was entered against it for $3,316.04, which included the amount of the medical expenses plus interest, a 10% penalty for vexatious delay and attorneys' fees.

Plaintiff subsequently brought this action in the Circuit Court of Cook County to register the Missouri judgment under the Foreign Judgments Act. Defendant's answer admitted the entry of the judgment and its failure to pay. The answer also asserts certain defenses and a setoff which plain-

---

[1] Motor Vehicle Safety Responsibility Law. Vernon's Ann. Mo. Stat. 303.

tiff, in her reply thereto, states are either irrelevant or an attempt to reopen the merits of the Missouri proceeding.

Defendant then moved for summary judgment, alleging only that the service of process on the Missouri Director of Revenue was insufficient to give the Missouri court jurisdiction over it. Plaintiff filed an answer thereto combined with a countermotion for summary judgment on the pleadings, asserting that the power of attorney executed by defendant made the service on the Director of Revenue sufficient to give the Missouri court jurisdiction. Defendant in its reply moved the court to reserve ruling on plaintiff's motion for summary judgment; or, in the alternative, to deny the motion, alleging that the defenses and the setoff asserted in its answer to the complaint raised triable issues of fact precluding summary judgment for plaintiff.

The trial court denied all of defendant's motions and, in granting plaintiff's motion for summary judgment, found that the Missouri court had jurisdiction over the person of defendant and that there were no genuine issues as to any material fact.

OPINION

■■ Defendant first contends that the trial court incorrectly found that the Missouri court acquired jurisdiction over it. We initially note that the courts of Illinois may inquire into a judgment of a sister State to determine whether such court had jurisdiction so as to bring its judgment within the full faith and credit clause of the Federal Constitution. (*Davis v. Nehf*, 14 Ill.App.3d 318, 302 N.E.2d 382.) Here, defendant argues that the authorization of the Missouri Director of Revenue, as its agent for service of process, was limited to suits arising out of the liability coverage of its policy and did not apply to the medical payments provision. In support of this position, it points to the language of the Missouri Motor Vehicle Safety Responsibility Law defining a motor vehicle liability policy:

> "7. Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this chapter. With respect to a policy which grants such excess or additional coverage the term '*motor vehicle liability policy*' shall apply to that part of the coverage which is required by this section." (Mo. Ann. Stat. § 303.190.7 (Vernon 1953).) (Emphasis in original.)

Plaintiff's policy provided for additional coverage, including medical payments reimbursement under which plaintiff's action was brought. Therefore, defendant reasons that because the statute does not apply to

the nonliability provisions of its policy and because defendant's authorization of the Director as its agent for service of process was made to comply with this statute, the Director was authorized to accept service of summons only in suits arising out of the liability coverage. Defendant's position, in effect, is that its policy with plaintiff should be considered as being in two parts—first, the liability portion providing the basic liability coverage required by the Missouri statute, for which actions it had appointed the Director of Revenue to accept service of process; and secondly, an excess or additional coverage portion under which defendant could only be served in accordance with the general provisions of Missouri law authorizing service on nonresident insurance companies by serving the Superintendent of Insurance.[2]

We believe, however, that the wording of the power of attorney given to the Missouri Director of Revenue is dispositive:

> "Prestige Casualty Company has made, constituted and appointed, and does hereby make, constitute and appoint, the Director of Revenue of the State of Missouri its true and lawful attorney in the State of Missouri, on whom service of notice or process, against said company may be made *in any action arising out of a motor vehicle accident in the State of Missouri.* Said attorney is hereby authorized and empowered to receive and accept such service of notice or process, and such service shall be taken and held as valid as if served upon said Company." (Emphasis added.)

Furthermore, we note that by resolution of its Board of Directors, defendant directed the filing of its certificate of insurance with the Department of Revenue of Missouri as proof of financial responsibility "of one or more of its policyholders" and that, by the same resolution, the power of attorney was authorized "in any action upon such policy or bond arising out of a vehicle accident in the State of Missouri."

■■ Thus, in view of the quoted language in the power of attorney and in the resolution of defendant's Board, we cannot accept defendant's contention that its authorization to the Director of Revenue was limited to suits seeking recovery under its liability coverage. It is not contended by defendant, nor does it appear from the record, that a power of attorney expressly limiting the authority of the Director of Revenue would not have satisfied the requirements of Missouri law. In any event, there is no indication in the resolution of defendant's Board or elsewhere in the

---

[2] Sections 375.256 and 375.261 of the Missouri Insurance Code provide that unlicensed foreign insurers doing business in Missouri are deemed to have appointed the Missouri Superintendent of Insurance their authorized agents for acceptance of service of process.

record that it intended the Director could accept service of process on its behalf only in actions which concerned the liability coverage of this policy.

Defendant's argument that in suits on provisions of its policies other than the liability coverages, it should have been served in the manner prescribed for service on nonresident insurance companies in general, rather than by service as provided in the Motor Vehicle Safety Responsibility Law, ignores the Missouri Supreme Court's Rule (Vernon's Ann. Mo. Stat. § 54.20 (1959)) on service of process, which at that time provided:

> "Service upon insurance companies in civil actions may be had as now or hereafter provided by statute including, but not by way of limitation, the provisions of the Insurance Code contained in Chapters 375 to 381 inclusive of the Revised Statutes of Missouri."

Thus, it appears that the statutory provision of this alternative method of serving nonresident insurers under the statute involved here was proper under Rule 54.20 of the Missouri Supreme Court. Service on defendant there was by that method; therefore, it was sufficient to give the Missouri court jurisdiction over defendant.

In view of the foregoing, we are of the opinion that defendant has failed to establish that the Missouri court lacked jurisdiction.

Defendant's second contention is that aside from the jurisdiction question issues of fact existed which preclude summary judgment.

It is well established that the purpose of summary judgment is to determine whether any factual issue exists. (*Hendricks v. Deterts*, 13 Ill. App.3d 976, 301 N.E.2d 625.) If there is any such issue of fact, a motion for summary judgment should be denied. (*Morris v. Anderson*, 121 Ill. App.2d 169, 259 N.E.2d 601.) Defendant contends that questions of fact were raised in its answer to plaintiff's petition when it asserted (1) that the claim of plaintiff was for medical payment reimbursement and, under the policy, it had a right of subrogation for any payments made, which right was prejudiced when plaintiff recovered from and executed releases to the other person involved in the Missouri motor vehicle accident; and (2) that it had a right of setoff under the policy for medical and hospital payments made by other insurance companies.

In this regard, we see that, in filing its certificate of insurance with the Director of Revenue of Missouri, defendant was required to and did adopt and file a resolution which, among other things, stated:

> "[T]he insurance policy declared by said certificate shall be deemed to be varied to comply with the law of Missouri relating to the terms of a motor vehicle liability policy issued in the State of Missouri."

Thus, we have examined the Missouri law to ascertain whether issues of fact may have existed with respect to defendant's contentions. We have found it to be the public policy of Missouri that subrogation clauses in insurance policies providing for reimbursement of medical expense payments are invalid because they are against the public policy of that state. (See *Forsthove v. Hardware Dealers Mutual Fire Insurance Co.* (Mo. App. 1967), 416 S.W.2d 208; *Jones v. Aetna Casualty & Surety Co.* (Mo. App. 1973), 497 S.W.2d 809.) It follows then, in view of the invalidity of the subrogation clause in the policy here, that defendant could not be prejudiced by the release given by plaintiff to the third party tortfeasor. Furthermore, it was held in *Bailey v. Aetna Casualty & Surety Co.* (Mo. App. 1973), 497 S.W.2d 816, to be against the public policy of Missouri to permit an insurance carrier to setoff its policy obligation to pay medical expenses against the recovery by its insured of medical expenses from other sources.

■■ Thus, when defendant's Board of Directors adopted the resolution varying the content of its policy to conform with Missouri law, it (by its own act) accepted the public policy of Missouri which voided the terms it now attempts to set up as defenses. Those clauses of the policy being void, no material question of fact was raised concerning them.

■■ We note also that, regardless of any claim as to when defendant received notice of the filing or pendency of plaintiff's Missouri suit, defendant had record knowledge of the Missouri default judgment on July 6, 1970, the date whereon the summons in the instant case was served. As the Missouri judgment was entered on August 13, 1968, defendant was still within the 3-year limit allowed under the Missouri Supreme Court's Rules of Civil Procedure, 74.09 *et seq.* (Vernon's Ann. Mo. Stat. § 74.09 (1959)) for reopening default judgments. Defendant could have moved to reopen the judgment and raised the defenses and setoff asserted in the trial court here. Not having taken that course, it cannot now claim to have been prejudiced by the entry of summary judgment registering plaintiff's foreign judgment. Absent any question of jurisdiction over the person and subject matter, full faith and credit must be accorded the judgment of a sister State, and the forum court may not rehear the case upon its merits, as it is res judicata concerning the nature and amount of plaintiff's claim and all defenses raised or which could have been presented. *Morris v. Jones*, 329 U.S. 545, 91 L.Ed. 488, 67 S.Ct. 451.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

DRUCKER and LORENZ, JJ., concur.