JOHN HOEFFERLE, Plaintiff-Appellant, *v.* HOEFFERLE TRUCK SALES, INC., *et al.*, Defendants-Appellees.

First District (1st Division)  No. 76-1727

Opinion filed January 23, 1978.

Carl L. Klein, of Oak Lawn, for appellant.

Ozinga & Lepore, of Evergreen Park, for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

John Hoefferle (plaintiff) brought this action for money judgment against Hoefferle Truck Sales, Inc. (Corporation) and Emil Zager. Both defendants joined in a motion to dismiss on the ground that the claim had been released and satisfied of record. (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(f).) The trial court allowed the motion and dismissed the suit. A subsequent motion by plaintiff to vacate the dismissal was denied. Plaintiff has appealed.

Plaintiff's brief states that the issue is whether section 48 of the Civil Practice Act is applicable here. Defendant contends that the issues raised in plaintiff's suit have been determined adversely to plaintiff in a prior action between these parties.

Plaintiff's complaint alleged that Zager had secured $8,513.85 from an account at Standard Bank & Trust Company for his own personal use or for the Corporation and that Zager and the Corporation were thus indebted to plaintiff for that sum. Defendants' motion under section 48(1)(f) of the Civil Practice Act, supported by an affidavit of defendants' attorney, showed that plaintiff had commenced a prior action against the Corporation and Zager in the circuit court in 1972. On December 10, 1974, an agreement for settlement of all matters in dispute was entered into between the parties. Appended to the affidavit was a copy of this settlement agreement and a copy of an order entered in the circuit court proceedings on December 10, 1974, dismissing the cause with prejudice.

The agreement of December 10, 1974, recited that in this prior circuit court case plaintiff sought dissolution of the Corporation, appointment of a receiver and other relief and the parties had agreed to settle their differences. Defendants agreed to pay to plaintiff, and plaintiff acknowledged receipt of, $18,000 by cashier's check in full settlement of all rights that plaintiff may have had or thereafter acquired by virtue of a previous agreement entered into on July 15, 1970, between both defendants and plaintiff's parents. Paragraph 2 of the current agreement dated December 10, 1974, which is in issue here, stated as follows:

> "That the defendant shall assign, transfer and convey to plaintiff any and all right, title and interest he may have in the certain Dealer Reserve Account with Standard Bank & Trust Company of Evergreen Park, Illinois; it is agreed and understood between the parties that neither defendant nor Hoefferle Truck Sales, Inc. shall be required to maintain said account at its present balance and further that neither defendant or Hoefferle Truck Sales, Inc. shall be obligated to plaintiff in the event funds in said account are applied by Standard Bank & Trust Co. on default of truck payments."

The agreement did not contain any release by either of the parties to the other regarding the subject matter of paragraph 2 above quoted. Both parties agreed to execute all documents required to dismiss the pending action.

On September 21, 1976, in the instant cause, the trial court entered an order reciting that the court had heard arguments upon the motion to dismiss. The motion was granted and plaintiff's complaint was dismissed.

On September 29, 1976, plaintiff filed an unverified motion to vacate this order of dismissal. This document cited and referred to paragraph 2 of the agreement above quoted. The motion also stated that in an argument before the court, counsel for defendants had admitted that they had received $3,211.87 from a Dealer Reserve Account mentioned in said paragraph 2 maintained in the Standard Bank & Trust Company. The motion also asserted that plaintiff's suit was, in effect, simply an attempt to obtain relief in accordance with the provisions of paragraph 2 of the agreement above quoted.

On October 8, 1976, defendants filed an unverified answer to plaintiff's motion to vacate. In this pleading, defendants asserted that the assignments mentioned in paragraph 2 of the agreement had actually been executed and delivered to plaintiff's former attorney and that this lawyer had thereafter prepared and presented the order dismissing the prior suit with prejudice. Defendants also alleged that plaintiff's counsel had represented to the court that there was due plaintiff, under the settlement agreement, $8,513.85 in connection with Reserve Account in the Standard Bank but that a statement tendered by plaintiff's counsel showed that $3,477.48 was due.

There also appears in the record an affidavit dated October 14, 1976, made by Edward L. S. Arkema, Esquire, attorney of record for plaintiff in the circuit court litigation dismissed by agreement. The affidavit stated that the parties to the prior suit had agreed that defendants "were to assign all of their rights in a certain Dealer Reserve account at Standard State Bank to the plaintiff John C. Hoefferle * * *." Affiant further stated that he never received any assignments from the attorneys for defendants pertaining to this account and therefore he was unable to forward any such assignments to plaintiff or to the Standard Bank.

On October 18, 1976, the trial court denied the motion to vacate and this appeal followed. After many court appearances and differences of opinion, several reports of proceedings were filed. We find in the record reports of proceedings on October 12, 1976, and on October 18, 1976. The record also contains a bystander's report of proceedings had on September 21, 1976, when the trial court entered the order dismissing the case before us. We have examined all of these documents and find that they contain a goodly number of statements by the two opposing

attorneys and the trial court and considerable argument but there is no testimony or evidence contained therein.

■■ The theory of defendants regarding the binding nature of the order dismissing the original litigation between these parties with prejudice, is undoubtedly correct as an abstract proposition. However, we cannot construe these proceedings as an attempt to relitigate any of the matters barred by the order dismissing the prior litigation with prejudice. By their agreement of settlement as above quoted, the parties agreed that defendants would assign all of their right, title and interest in the Dealer Reserve Account at the Standard Bank to plaintiff. Therefore, although plaintiff's complaint, as filed in the municipal division of the circuit court, may not be properly drafted, it seems to us from the balance of the record that plaintiff's theory is that he has never received the assignments and wishes to have the benefit thereof at this time. Thus, plaintiff is, in our opinion, not attempting to relitigate any of the matters involved in the prior case. On the contrary, plaintiff seeks only to obtain certain rights which were assigned to him by virtue of the settlement agreement. Far from attempting to avoid or negate the agreement, plaintiff is seeking to act in furtherance thereof and to protect his rights thereunder.

■■ The issue between these parties is actually one of proper procedure under section 48(1)(f) of the Civil Practice Act. Under this section, the merits of the motion must be determined after consideration by the court of the affidavits of the parties. The statute provides that after filing of the motion and upon the hearing thereof, the respondent may present affidavits or other proof upon which the court is to hear and determine the merits. If there is a material and genuine disputed question of fact between the parties, the court may decide the motion upon the affidavits and evidence offered by the parties; or, alternatively, the court may deny the motion without prejudice to the right to raise the subject matter of the motion by answer. (See Ill. Rev. Stat. 1975, ch. 110, par. 48(3).) This type of procedure is clearly set out in the cases decided under this section of the statute. See *Emerson v. La Salle National Bank* (1976), 40 Ill. App. 3d 794, 797, 352 N.E.2d 45; *Greenstein v. Nogle* (1972), 5 Ill. App. 3d 594, 598-99, 283 N.E.2d 492; *Chapman v. Huttenlocher* (1970), 125 Ill. App. 2d 39, 46-47, 259 N.E.2d 836, *appeal denied* (1970), 44 Ill. 2d 583.

■■ The trial court had before it the motion to dismiss supported by affidavit together with copies of the agreement of December 10, 1974, and the order dismissing the prior litigation. The trial court also had before it the affidavit of Edward L. Arkema, Esquire, to the effect that the assignments to which plaintiff was entitled under the second paragraph of the agreement above quoted were never delivered. Thus, the issues of

44

material fact here are whether the assignments were ever delivered and whether plaintiff received the sums of money that he was entitled to by virtue of these assignments. Under the rules prescribed by the statute and reflected in the authorities above cited, the trial court was required to decide the matter on the affidavits presented and on evidence heard. It seems to us that there was a clear conflict between the affidavits presented to the trial court on the major issue as to whether plaintiff was entitled to payment in connection with the Dealer Reserve Account. Therefore it was the duty of the court, in our opinion, either to hear other proof bearing upon the material facts or to deny the motion without prejudice to the right of defendants to raise the subject matter thereof by answer.

Consequently we reverse the orders appealed from allowing defendants' motion to dismiss this cause and denying plaintiff's motion to vacate said order and we remand the cause to the circuit court with directions that proper proof be heard by the trial court on the merits of the motion of defendants to dismiss under section 48(1)(f); or, alternatively, that the motion be denied without prejudice to the right of defendants to raise the subject matter thereof by an answer for final determination at trial of the cause upon its merits. The motion of plaintiff to strike defendants' brief, taken with the case, is denied.

Reversed and remanded with directions.

McGLOON and O'CONNOR, JJ., concur.