ROXANNE MASTROIANNI, Plaintiff-Appellant, *v.* EVELYN CURTIS, Defendant-Appellee.

First District (4th Division)    No. 78-752

Opinion filed October 18, 1979.

French & Rogers, of Chicago (Richard G. French and Timothy G. Keating, of counsel), for appellant.

Tim J. Harrington, of Chicago (Robert C. Marchuk, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

The plaintiff, Roxanne Mastroianni, appeals from an order of the circuit court of Cook County dismissing with prejudice her negligence action against the defendant, Evelyn Curtis. Plaintiff seeks recovery of damages for personal injuries she sustained when she was 2½ years old. Plaintiff also seeks review of the court's orders denying both a motion to vacate the dismissal order and a motion to file an amended complaint seeking equitable relief.

The issue on appeal is whether defendant's motion to dismiss,

pursuant to section 48(1)(f) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(f)) which alleges a release and settlement of plaintiff's claim, was legally sufficient to support the trial court's dismissal of plaintiff's complaint.

We find that it was not. We reverse the dismissal and remand for further proceedings.

The instant complaint, filed by the plaintiff upon reaching majority, alleged that the defendant negligently struck her with an automobile on December 17, 1964. Plaintiff contends that the accident caused her permanent injury which will result in future medical expenses and lost time from work. Defendant moved to dismiss the action pursuant to section 48(1)(f) of the Civil Practice Act.

The defendant's motion, unsupported by affidavit, alleges that plaintiff's claim had been settled in a prior action commenced against the defendant, which was thereafter dismissed in 1964 per stipulation of the parties. Subsequently, a release, entitled "Parents Release and Indemnity Agreement," was executed by the plaintiff's parents. Copies of the release[1] and the agreed order were attached to the motion. The authenticity of these documents was never challenged.

The plaintiff did, however, challenge the legal effect of these documents on two grounds: (1) the documents failed to show that her parents were appointed guardians of her estate and thus, plaintiff asserts, they were without authority to compromise her claim as a minor; and, (2) the settlement allegedly entered into by her parents lacked court approval in violation of section 215 of the Probate Act (Ill. Rev. Stat. 1963, ch. 3, par. 215), thereby rendering the settlement void.

OPINION

Section 215 of the Illinois Probate Act, the statute which plaintiff relies upon, provides that "By leave of court * * * [a] guardian * * * may compound or compromise any claim or any interest of the ward * * * in any personal estate * * * upon such terms as the court directs." Ill. Rev. Stat. 1963, ch. 3, par. 215.

Interpreting an earlier, but similar, statute in *Hayes v. Massachusetts Mutual Life Insurance Co.* (1888), 125 Ill. 626, 636, 18 N.E. 322, 326, the supreme court held that the provision requiring court approval before a guardian compromised and released a minor's claim was mandatory. Because the legislature intended to substitute judicial determination for the guardian's personal discretion, court approval was required to render the guardian's act legal and binding. This, the court reasoned, provided additional protection for the ward; it required that the terms and

---

[1] In addition to the defendant's release, the record contains a copy of the AllState Insurance Company's release.

conditions of any proposed compromise "be submitted to, inquired into and passed upon by that court having special jurisdiction of the estates of minors." *Hayes v. Massachusetts Mutual Life Insurance Co.* (1888), 125 Ill. 626, 636, 18 N.E. 322, 326.

■■ We believe the rationale and holding of *Hayes* applies to section 215 of the Illinois Probate Act. The language of that section is clear: it is by leave of court that a guardian may compromise a ward's claim and upon such terms as the court directs. (Ill. Rev. Stat. 1963, ch. 3, par. 215.) Further, it is the public policy of this State that the rights of minors be guarded carefully. A minor who becomes a party to litigation is a ward of the court, and a duty devolves upon that court to protect the minor's rights. *Scheffki v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1971), 1 Ill. App. 3d 557, 561, 274 N.E.2d 631, 633.

In the 1964 action, when plaintiff was a minor, her parents executed a release and received $838. The release described the "undersigned" as "parents and guardians." The record, however, does not disclose whether the court appointed plaintiff's parents as guardians of her estate. We find similar difficulty with the stipulated order dismissing the 1964 action; it does not indicate whether the settlement was brought before the court for its approval.

Defendant contends that although the court in the 1964 action did not formally appoint plaintiff's father as guardian, it recognized him as guardian. Assuming that this is true, he "would have had 'power to claim and pursue the rights of the infant and powerless to yield or cede it to others' [citation], and would have had no power to make settlement of the demand of the infant except by leave of court. [Citation.]" *Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Haley* (1897), 170 Ill. 610, 613-14, 48 N.E. 920, 922.

■■ In addition to ruling that a guardian has no power to settle a minor's cause of action without leave of court, the *Haley* court held that a parent has no legal right, by virtue of the parental relationship, to settle a minor's cause of action. (*Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Haley* (1897), 170 Ill. 610, 613, 48 N.E. 920, 922; see also *Paskewie v. East St. Louis & Suburban Ry. Co.* (1917), 281 Ill. 385, 388-89, 117 N.E. 1035, 1036.) Thus, not only must the court have recognized plaintiff's father as her guardian, the court also must have approved the settlement agreement. See *Williams v. Williams* (1903), 204 Ill. 44, 51-52, 68 N.E. 449, 452, citing *Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Haley* (1897), 170 Ill. 610, 48 N.E. 920; *Gaskill v. Nesselroth* (1935), 282 Ill. App. 493, 496.

■■ Defendant argues that the court tacitly approved the release and settlement by entering the stipulated order of dismissal. We do not agree

that the court's approval can be determined from the face of the order. In *Kingsbury v. Buckner* (1890), 134 U.S. 650, 680, 33 L. Ed. 1047, 1059, 10 S. Ct. 638, 648, the Supreme Court stated:

> "It is undoubtedly the rule in Illinois, as elsewhere, that a next friend or guardian *ad litem* cannot, by admissions or stipulations, surrender the rights of the infant. The court, whose duty it is to protect the interests of the infant, should see to it that they are not bargained away by those assuming or appointed to represent him."

The face of the order does not reveal whether the court directed the terms of the settlement in accordance with section 215 of the Illinois Probate Act. The record does not disclose whether the terms of the compromise were "submitted to, inquired into and passed upon by that court \* \* \*" (*Hayes v. Massachusetts Mutual Life Insurance Co.* (1888), 125 Ill. 626, 636, 18 N.E. 322, 326), or judicially affirmed (*Williams v. Williams* (1903), 204 Ill. 44, 52, 68 N.E. 449, 452, citing *Tripp v. Gifford* (1891), 155 Mass. 108, 111, 29 N.E. 208, 209).

Indeed, *Hudson v. Thies* (1963), 27 Ill. 2d 548, 549, 190 N.E.2d 343, 344, relied upon by the defendant, illustrates the procedure necessary to render a release of a minor's claim valid and binding. There, the parties executed petitions for orders appointing the father guardian and authorizing settlement of the minor's claim. In addition, the court heard sworn testimony in support of these petitions. The release was signed by the guardian and approved by the court.

■■■ We do not determine the validity and binding effect of the release in the present action. From the record before us, it is impossible to determine whether the trial court in the original proceeding appointed or recognized plaintiff's father as her guardian. Similarly, we are unable, from the facts presented, to decide with certainty whether the court approved the settlement in the 1964 action. When a motion to dismiss under section 48(1)(f) of the Civil Practice Act presents a material and genuine disputed question of fact, the court may decide the motion upon affidavits and evidence of the parties. Alternatively, the court may deny the motion without prejudice to the right to raise the subject matter of the motion by answer. Ill. Rev. Stat. 1977, ch. 110, par. 48(3); *Hoefferle v. Hoefferle Truck Sales, Inc.* (1978), 57 Ill. App. 3d 40, 43, 372 N.E.2d 1004, 1007; *Chapman v. Huttenlocher* (1970), 125 Ill. App. 2d 39, 46-47, 259 N.E.2d 836, 840, *appeal denied* (1970), 44 Ill. 2d 583.

■■ Thus, we feel that the trial court in the instant action should have heard other proof bearing upon these factual issues or denied the motion without prejudice to the right of the defendant to raise the subject matter of the motion in her answer. *Hoefferle v. Hoefferle Truck Sales, Inc.* (1978), 57 Ill. App. 3d 40, 44, 372 N.E.2d 1004, 1007.

102

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings in accordance with the views set forth in this opinion.

Reversed and remanded.

JIGANTI, P. J., and ROMITI, J., concur.